PATRICK GIBBONS *vs.* UNITED ELECTRIC RAILWAYS CO.

JULY 1, 1927.

PRESENT:    Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)    Workmen's Compensation Act.    Employee.    Casual Employment.*

One employed by a common carrier to shovel snow from its car tracks whose employment was occasional and its period of continuance uncertain, was nevertheless employed for the purpose of the employer's business and an "employee" within the contemplation of the Workmen's Compensation Act.

*(2)    Workmen's Compensation Act.    Accidental Injury.*

Where one was employed to shovel snow from car tracks, working continuously for twenty-four hours and suffered frost bite requiring amputation of portions of two toes, a finding that the excessive cold and long continued exposure to the snow in which he was obliged to stand resulted in a sudden breaking down of the power of the heat of his body to resist the cold and produced the condition of frostbite was justified.    This was in the course of his employment and arose out of it.

*(3)    Workmen's Compensation Act.    Notice.*

Where employee as a result of injury gave up his work and personally notified foreman of employer, who had charge of the work and who had employed him, of the nature of the injury and that he was going to the hospital the notice was sufficient under Gen. Laws 1923, cap. 92, sec. 20, Art. II, providing "Want of notice shall not be a bar to proceedings, if it be shown that the employer or his agent had knowledge of the injury."

*(4)    Workmen's Compensation Act.    Loss of Phalange of Toe.*

Gen. Laws 1923, cap. 92, Art. II, sec. 12 par(d) providing compensation "for the loss by severance of at least one phalange of a finger, thumb or toe, one-half the average weekly wages, earnings or salary, but not more than ten dollars nor less than four dollars a week for a period of twelve weeks", provides the specific compensation for each toe of several injured in the accident.

PETITION under Workmen's Compensation Act.    Heard on appeal of respondent and overruled.

SWEETLAND, C. J.    This is a petition filed in reliance upon the provisions of the Workmen's Compensation Act.

It was heard before a justice of the Superior Court, who gave decision and entered a decree that the petitioner, while in the employ of the respondent, received a personal injury by accident arising out of and in the course of said employment "necessitating the amputation of the distal phalange of the big toe of the left foot and the distal phalange of the little toe of the right foot." The decree further provided for the payment of compensation by the respondent to the petitioner of a sum which the justice held to be in conformity with the provisions of the Workmen's Compensation Act.    From the entry of this decree the respondent appealed to this court.

It appears from the findings of the justice that the petitioner was employed by the respondent in shoveling snow from its electric car tracks; that he worked continuously from seven a. m., February 5, 1926, to seven a. m., February 6, 1926; that while so engaged his toes were frostbitten by reason of his continued exposure to the extreme cold and snow in which his work required him to stand, necessitating the amputation of the terminal phalanges of the two toes of the petitioner as set out in the decree.

The reasons of appeal upon which the respondent relies in substance are:

(1)    that the petitioner was not an employee of the respondent within the meaning of the Workmen's Compensation Act in that his employment was of a casual nature;

(2)    that the petitioner did not sustain personal injury by accident within the meaning of the act;

(3)    that the alleged injury did not arise out of and in the course of his said employment;

(4)    that the petitioner did not give the respondent proper notice of his alleged injury in accordance with the requirement of the act;

(5)   that the petitioner is not entitled to receive separate and distinct compensation on account of the alleged injury to each toe.

Article VIII, Section 1, paragraph (b), of the act provides that the word employee "shall not include a person whose employment is of a casual nature, and who is employed otherwise than for the purpose of the employer's trade or business." The employment of the petitioner might well be regarded as casual in that the period of its continuance was uncertain and that the employment was occasional, but that circumstance is not sufficient to bar the petitioner from compensation under the act unless the employment was also not for the purpose of the employer's business. The removal of snow from the respondent's tracks was work necessary to be performed in order that the respondent might carry on its business of transportation.

The respondent's claim that the petitioner can not be said within the meaning and intent of the act to have suffered the alleged injury by accident arising out of and in the course of the employment is governed by the decision of the court in *Walsh* v. *River Spinning Co.*, 41 R. I. 490. That case passed upon the questions arising from the death of a workman who had been overcome as the result of the great heat of a boiler room in which he was employed. In that case we approved an interpretation of the word "accident", used in the act, as having the popular and ordinary sense of an unlooked-for mishap, an untoward event, which is not designed or expected, and being unexpected has in it an element of suddenness. We held in that case that the excessive heat resulting in the sudden inability of the physical system of the workman to longer resist its debilitated effect, produced the heat stroke of which he collapsed and subsequently died. Applying that interpretation of the word "accident" to the facts in this case we think the justice was warranted in finding that the excessive cold and the long continued exposure of the petitioner's feet to the numbing and chilling effect of the

snow in which he was obliged to stand in performing his work resulted in a sudden breaking down of the power of the heat of his body to resist the external cold, and produced the condition of frostbite. This was in the course of his employment and, in our opinion, it may well be said to have arisen out of it. Cold is one of the forces of nature to the effects of which all are exposed, yet the petitioner's employment requiring him constantly for twenty-four hours to be subjected to its attack, was a condition which produced the injury and unquestionably was a condition growing out of the employment. See the cases upon this question referred to in *Walsh* v. *River Spinning Co., supra*, at pages 498, 499 and 500.

The claim that the petitioner did not give proper notice to the respondent is without merit. It appears that the petitioner by reason of his injury gave up his work and personally notified the foreman of the respondent, who had charge of the work and who had employed the petitioner, of the nature of his injury and that he was going to the hospital. The notice was sufficient under the provisions of Section 20, Article II, Chapter 92, Gen. Laws 1923, which is as follows:. "Want of notice shall not be a bar to proceedings under this chapter, if it be shown that the employer or his agent had knowledge of the injury."

The respondent claims that petitioner should not have been awarded compensation at the rate of ten dollars per week for two periods of twelve weeks each under the provisions of the statute in force at that time which are as follows: "for the loss by severance of at least one phalange of a finger, thumb, or toe, one-half the average weekly wages, earnings, or salary of the injured person, but not more than ten dollars nor less than four dollars a week for a period of twelve weeks." Par. (d), Sec. 12, Art. II, Chap. 92, Gen. Laws 1923. This provision is not without ambiguity. We have, however, when possible approved a liberal construction of the provisions of the act with relation to the payment of compensation. *In re J. &*

*P. Coats, Inc. for an Opinion,* 41 R. I. 289.   The pro-
vision now in question is fairly susceptible of the
construction, that in a case like the present it was the
intent of the 'general assembly that, as to each toe, the
severance of a phalange thereon entitled the injured work-
man to an award of the compensation named in the pro-
vision.   Whatever ambiguity in this regard may have
existed in the provision under consideration has now been
removed by the following provision appearing in paragraph
(g), Section 6, Chapter 764, Public Laws,1926, providing
that a weekly payment shall be made to an injured em-
ployee:  "For the loss by severance of one phalange of an
index finger, or of at least one phalange of any other finger or
toe, for a period of twelve weeks for each such finger or toe."

The respondent's reasons of appeal are overruled, the
decree appealed from is approved, and the cause is remanded
to the Superior Court for further proceedings.

*Joseph J. Cunningham, Edmund J. Kelly,* for petitioner.
*Clifford Whipple, Earl A. Sweeney,* for respondent.