CHARLES F. RYAN, p. a. *vs.* JOHN UNSWORTH.

DECEMBER 30, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. This action of the case for negligence is brought to recover damages for personal injuries. After trial in the Superior Court the jury returned a verdict for plaintiff. The case is before this court on defendant's bill of exceptions. The only exception necessary to be considered is the one to the refusal of the trial justice to direct the jury to return a verdict for defendant on the ground that plaintiff was injured as the result of the negligence of a fellow servant.

Plaintiff claims he was riding as a guest in defendant's automobile and was injured as the result of the negligence of his servant. The material facts are undisputed and present a question of law. 39 C. J. 1173. These facts are as follows: February 12, 1930, plaintiff was injured while riding in defendant's automobile which was being driven by his employee named Driscoll. Defendant conducted a drug store in East Providence and Driscoll was his assistant pharmacist. Defendant employed Ryan, the plaintiff, to work in the store. Ryan was then 16 years old and worked on alternate afternoons and evenings after school hours. He was paid by the week. February 12, Ryan completed his work in the store about 6 o'clock and went home. He returned that evening about 8:30 o'clock to help Driscoll load a tub of ice cream, which weighed about 150 pounds, into defendant's automobile and to go with Driscoll to Rehoboth to deliver the ice cream and serve at a dance. Soon after Driscoll took the order for the ice cream he invited Ryan to help deliver it. Driscoll told defendant that he had taken the order for the ice cream. Defendant said that he ought to get Ryan to help him and Driscoll replied that he had already asked Ryan to go. Driscoll testified that he needed help to put the tub of ice cream into the automobile and that it was an advantage to have Ryan as he was able to help serve the ice cream. About midnight, after the ice

cream had been delivered and served, Driscoll and Ryan put the tub into the automobile and started for East Providence. Driscoll drove the automobile. As the automobile approached an intersection of highways a red light flashed and Driscoll applied the brakes so quickly that the automobile skidded and struck a pole and Ryan was injured. On these facts were plaintiff and Driscoll fellow servants? The question must be answered in the affirmative.

A servant in law is any person, male or female, minor or of full age, paid or unpaid, who works for another with his knowledge and consent. Two or more persons working for the same master are co-employees or fellow servants. Beach on Contributory Negligence, § 323. An employee is synonymous with servant and is included in the definition of the latter.

Plaintiff contends that he was not an employee of defendant at the time of the accident because he had finished his regular work for the day before he started to Rehoboth with Driscoll to deliver the ice cream. This contention cannot be sustained. The tub of ice cream was heavy and it was necessary for Driscoll to have assistance in loading and unloading it. Plaintiff agreed to do this work at Driscoll's request with the knowledge and consent of the defendant. Even if plaintiff's contract of employment did not require him to perform this extra service, by agreeing to perform it he became an employee of defendant and thereby a fellow servant of Driscoll's.

In *Baynes* v. *Billings et al.*, 30 R. I. 53, 60, the court said that if plaintiff was on the top of an elevator by right, the following rule stated in Wood, Master and Servant, § 455, applied: "A person, who voluntarily and without any employment undertakes to perform a service for another, stands in the same relation as a servant for the time being, and is regarded as assuming all the risks incident to the business. And this is so, even though the service is not wholly voluntary, but is induced by request of a servant in the defendant's employ." In the well considered case of *Dishon*

v. *Cincinnati N. O. & T. P. R. Co.*, 126 Fed. Rep. 194, 198, the court said: "It is never a test of the application of the fellow servant doctrine to any given case whether or not the injury was received by the servant during working hours or when he was at work after working hours. The sole test of its application thereto is whether at the time of the injury the servant was doing something which it was his duty or he had a right to do under the contract. If he was so acting, the doctrine applies; if not, it does not apply." The evidence in this case shows that Driscoll and Ryan were engaged in accomplishing the same common object for the same master with his consent and hence were fellow servants.

It is well settled that under the common law a master is not liable for injuries caused by the negligence of another servant. 39 C. J. 537; 18 R. C. L. 712.

Defendant did not employ five men regularly in his business and is not precluded by the Workmen's Compensation Act from making the defense that plaintiff's injury was caused by the negligence of a fellow employee. §§ 1205, 1207, G. L. 1923.

For the reasons given defendant's exception to the denial of his motion for a directed verdict is sustained.

Plaintiff may appear before this court January 4, 1932, at 10 o'clock, a. m., and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for the defendant.

*Howard K. Simmons,* for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.