RUTH ANDERSON *vs.* WILLIAM V. POLLEYS, JR., RECEIVER.

MARCH 22, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This cause is here upon the appeal of the respondent from a decree of the Superior Court awarding compensation under the Workmen's Compensation Act to petitioner, the widow of George Anderson who was killed October 31, 1931.

The facts are undisputed. On March 2, 1931, William V. Polleys was appointed by the Superior Court receiver of the William V. Polleys Company, a Rhode Island corporation engaged in the business of dock-building and water front work. By the decree of the court the receiver was authorized to enter into such new contracts for business ordinarily carried on by the corporation as should be approved by the court. The receiver by authority of the court elected to become subject to the provisions of the Workmen's Compensation Act.

In June, 1931, George Anderson was engaged by the receiver as one of four employees to work upon a water front job at the plant of the Standard Oil Company in Riverside, Rhode Island. Contracts for this job and another job in Wickford were made by permission of the court. The employees were paid weekly by the receiver's checks. On one occasion they were paid by the personal checks of Polleys. As Polleys had no funds on deposit with which to meet them, these checks were refused payment by the bank. Receiver's checks were then given to the employees. Thereafter the men refused to receive Polleys' personal checks in payment for their services and payments were made by receiver's checks. After the men had worked on the Standard Oil job for about four months and before the job was completed, Polleys ordered Anderson to load the receiver's lighter with piles, and on the Monday following to proceed to Bristol, eight or ten miles distant, there to perform a short job of pile driving on the water front. The job at Bristol was undertaken by Polleys in his individual capacity under a contract with the United States government. The employees were not informed that the work was to be done by Polleys as an individual, nor had they any reason to

believe that there was to be a change of their employer. Four or five days after the work in Bristol was begun, Anderson, while engaged in the course of his employment, met with the accident which caused his death. Thereafter the wages due him were paid to the widow by the receiver's check.

Polleys had not obtained permission of the court to enter into the Bristol contract, nor had he elected to become subject to the Compensation Act for his own business. He used some of the corporation's equipment and the funds of the receiver upon this job. In his final account as receiver he charged himself as an individual for the labor of the employees and the use of the corporation's equipment on the Bristol job and credited himself for the value of the use of certain equipment of his own. This account was allowed by the court. The only question raised in the Superior Court and in this court is whether Anderson at the time of his death was an employee of Polleys as receiver or—as contended by the respondent—of Polleys as an individual.

The words "employer" and "employee" are correlative and may have various meanings The relation of employer and employee arises out of a contract by which the employer agrees to hire and the employee agrees to render services. If the contract of employment—as that in the case at bar—is for an indefinite time, it may be terminated by mutual agreement or by consent, express or implied or by either party at will. But the contract of employment can not be changed by the substitution of a new employer of the employee without the knowledge and consent of the latter. This principle is well settled and generally approvd

By the Workmen's Compensation Act the legislature had made some changes in the common law meaning of the words "employer" and "employee." Section 1 of Article VIII of the act provides that "the word 'employee' means any person who has entered into the employment of, or works under contract of service or apprenticeship with any employer, and whose remuneration does not exceed three

thousand dollars a year . . . . It shall not include a person whose employment is of a casual nature, and who is employed otherwise than for the purpose of the employer's trade or business . . . . The word 'employer' shall include any person . . . and the legal representative of a deceased employer . . . ."

In the instant case the employee neither knew nor consented to any change of his employer. On the contrary by his refusal to accept the individual check of Polleys he made clear his refusal to work for Polleys except in his capacity as receiver. The work at Bristol was of the same character as the receiver was authorized to perform at Riverside and the same equipment and the same employees were used on both jobs.

Counsel for the respondent contends that as the receiver was an officer of the court and was acting under its direction he had no authority to hire the deceased to work on the Bristol job and consequently that the deceased was in the employ of Polleys as an individual.

There was but one contract of employment and that was with Polleys in his capacity as receiver. The authority of the receiver is limited and the rule is general that one dealing with a receiver is bound to take notice of the extent of his authority. The authority to make the contract of employment included the usual obligations of such a contract. The employee of the receiver was entitled to notice of discharge or of any proposed change of employer. In the absence of any notification of discharge by the receiver or of a proposed change of his employer, the deceased at the time of his death was still in the employ of the receiver. This was the finding of fact made by the trial justice and such finding is correct.

In his brief counsel for the respondent states that he has been unable to find any case exactly in point. A reason for the lack of precedents may be that the principle involved is fundamental in the law of contracts of employment either by individuals or receivers.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Francis I. McCanna*, for petitioner.

*Comstock & Canning, Andrew P. Quinn*, for respondent.