MEMORANDUM SUSTAINING MOTION TO DISMISS BILL
(March 10, 1933)
COX, J.
The motion to dismiss the bill of complaint is granted, with leave to amend, on the following theory:
While this Court has the power to grant a trial de novo to determine a disputed question as to the jurisdiction of the Deputy Commissioner, the complaining party is not entitled to such trial de novo as a matter of right in every case. The disputed question is tried in the first instance by the Deputy Commissioner. The proceeding in this Court is in the nature of a review, and the bill should be accompanied, or should embody, the transcript of the testimony before the Deputy Commissioner, or an adequate statement of the pertinent parts thereof. Upon consideration thereof the Court must be dissatisfied with the Deputy Commissioner’s conclusion as to the disputed question before a trial de novo should be granted.
MEMORANDUM
(June 7, 1933)
PROCTOR, J.
The amended bill purports to set forth all the evidence before the Deputy Commissioner bearing upon the status of Lurig. In my opinion that evidence, viewed in a reasonable light, does not support the findings of the Deputy Commissioner that the relationship of employer and employee existed between the Munsey Trust Company and Lurig at the time of the latter’s injury. I think, on the contrary, it is clearly *132 shown that Lurig was an independent contractor engaged at the time on a repair job, for which it| was understood between the parties he would be paid the reasonable worth of the service rendered. Certainly, if classed as an employee, the employment was at best a casual one, and not in the usual course of the business of the Munsey Trust Company. In view of these conclusions the motion to dismiss the amended bill will be overruled, with leave to answer within ten days.
OPINION
(December 8, 1933)
ADKINS, J.
The Act of May 27, 1928, now sections 11 and 12, Title 19, Code of the District of Columbia, after providing that the provisions of the Longshoreman’s Act shall apply in the District of Columbia, provides that the chapter shall not apply in respect to the injury or death of “(4) an employee engaged in . . . employment that is casual and not in the usual course of the trade, business, occupation or profession of the employer.”
Counsel admitted that Lurig’s employment was not in the usual course of the trade, business or occupation of the Mun.sey Trust Company, the employer.
The business of the Munsey Trust Company is banking. The accident occurred while Lurig was engaged in repairing the metal grill work on the gate or door leading to that portion of the office in which the vault was situated. I do not think this repair work was in the usual course of the business of the Trust Company.
Callihan v. Montgomery, 272 Pa. 56, is a leading case upon the subject. Callihan was a skilled mechanic in business for himself who was employed by Montgomery to repair an engine used to run a pump in operating an oil well belonging to Montgomery. Callihan was killed while the repair work was in progress.
*133 The language of the Pennsylvania act is similar to ours. It excepted the employment “casual in character and not in the regular course of the business of defendant” (66). Mr. Chief Justice Moschzisker, in an elaborate opinion, discussing prior cases, held that the work of repairing a pump, which pump was necessary to and used in the regular business of the employer, was not employment in the regular course of the employer’s business.
In Blake v. Wilson, 268 Pa. 469, it was held that the employment of a person to complete a silo was not in the regular course of the business of the owner of the farm on which it was constructed.
In Holbrook v. Olympia Hotel Co., 200 Mich. 597, 603, the injury occurred while the workman was engaged in painting and decorating the rooms of the hotel. The court held that the owner of the hotel was not pursuing its business within the meaning of the law when it caused the rooms to be occasionally painted and decorated, although it was usual to have work of that nature done from time to time.
Maryland Casualty Co. v. Pillsbury, 34 Cal. App. 739, where the custom was for sellers to load grain on the cars, a person was casually employed by a purchaser to complete the loading of some grain on cars which the sellers had been unable to load, it was held that this was no part of the usual course of the purchaser’s business and therefore the statute was not applicable.
Defendants contend that the business of banking required that the Trust. Company have a banking office and keep that office clean and in good repair, and that any employment to that end was employment in the usual course of its business.
Under this construction only ultra vires acts by corporations would come within the exception. I do not believe this was the purpose of the exception.
Counsel for defendants cite five cases in support of their contention. In my opinion they are entirely consistent with *134 the foregoing decisions; indeed some of them were decided by the same courts which decided the above cases.
Two are from California. In Miller v. Industrial Accident Commission, 32 Cal. App. 250, the employer owned and operated the Button Willow Ranch containing about 100,000 acres of land. The purposes of the corporation were very comprehensive, embracing, among other things, the power to construct such buildings, structures and improvements as may be necessary or desirable to carry on the business of a wholesale and retail butcher. The corporation had for a number of years been engaged in a number of diversified lines of business, including the construction, improvement and repair of buildings of various kinds upon its numerous properties and requiring the constant employment of carpenters upon one or other of its ranches. The injured man had been employed as foreman of other carpenters for a period of 27 days when the accident occurred. The court was of opinion that this employment to supervise carpenters who were kept constantly and regularly engaged was an employment in the usual course of the business of the employer.
In Walker v. Industrial Accident Commission, 177 Cal. 737, the employer ran a large lodging house in which she necessarily employed maids to perform the work of cleaning the house. Robinson was employed from time to time to assist in doing the same kind of work done by a maid. It was held that this was within the usual course of the business of the employer.
In Gibbons v. United Electric Rys. Co., 138 Atl. 175 (R. I.), it was held that the removal of snow in the winter time from the tracks of an electric railway company was necessary in order that the company might carry on its business. The statute excepted casual work of a person employed otherwise than for the purpose of the employer’s trade or business.
In Sgattone v. Mulholland, 290 Pa. 341, it was held that where the employer was engaged in a building operation and *135 the laying out of streets the removal of tree stumps is a necessity in the successful carrying on of the business, and that persons so occupied came within the statute.
(Appeal noted January 10, 1934, Ed.)
In Persing v. Citizens Traction Co., 294 Pa. 230, a street car was stranded and it was necessary to haul it to the barn. The driver of a tractor was injured while so engaged. It was held that getting the car back to the barn was within the usual business of the employer.
The foregoing conclusion renders it unnecessary for me to decide whether the relationship between the Trust Company and Mr. Lurig was that of master and servant or of an independent contractor.
The decree should be for the plaintiff.
On January 8, 1934, Findings of Fact and Conclusions of Law were filed and on the same date Justice Adkins filed a supplemental opinion in which it was stated:
“The foregoing findings of fact and conclusions of law were prepared after my opinion filed on December 8, 1933.
“The second paragraph of that opinion is hereby. corrected to read as follows:
“ ‘Counsel for defendants admitted that Lurig’s employment was casual but contended that it was in the usual course of the trade, business or occupation of the Munsey Trust Company, the employer.’ ”