211 A.2d 642.

RALPH DI ORIO *vs.* R. L. PLATTER, INC.

JUNE 30, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This is an employee's petition for benefits under the workmen's compensation act. The respondent

filed an answer alleging that at the time of the alleged injury the petitioner was not in fact an employee of the respondent. At the hearing before the trial commissioner issue was joined on the question whether there was an employer-employee relationship between the parties. After the hearing he entered a decision finding as a fact that on August 6, 1963, the date of the alleged injury, the petitioner was not an employee of the respondent but rather an independent contractor. He thereupon entered a decree denying and dismissing the petition. The full commission, with one member dissenting, entered a decree affirming the decree of the trial commissioner. The cause is before us on the petitioner's appeal from the decree of the full commission.

We note at the outset that having joined issue on the question whether there was an employer-employee relationship, the parties, before a decision was rendered, entered a stipulation containing an agreed statement of facts relative to the nature and extent of petitioner's incapacity. However, this stipulation was entered with the express understanding that it was to be considered if, and only if, petitioner was found to be an employee under the provisions of the act. We shall treat it accordingly.

The petitioner has filed twenty-six specific reasons of appeal which he has treated under two main issues. Under issue II he has briefed and argued reasons 14 through 22 which attack certain evidentiary rulings of the trial commissioner on the ground that prejudicial error resulted therefrom. We have carefully examined the record in the light of these reasons of appeal and, after considering all of his contentions with respect thereto, we find no prejudicial error. Therefore the narrow issue before us is whether at the time of the alleged injury petitioner was an employee of respondent or an independent contractor.

Under issue I he has briefed and argued reasons 1 through 13 and 23 through 26 under which he contends in substance that the decree of the full commission holding that he was

not an employee but rather an independent contractor is against the law and the evidence and the weight thereof.

The respondent corporation has been in the business of remodeling and altering homes and other structures since 1960. Robert L. Platter is its president, general manager, and with his wife owns all the corporate stock. In carrying on its business respondent required the services of electricians, carpenters and other allied workmen. The petitioner is a carpenter who had worked continuously for respondent for approximately two years before the date of injury. On that date he injured his back while moving a piece of furniture at the home of a customer of respondent.

It is admitted that respondent has at least two employees, Mr. Platter and Paul J. Charette, the office manager. The petitioner was one of six carpenters working for respondent under the same arrangement. The hearing before the trial commissioner was conducted on the basis that the actions of the parties during the four months prior to the injury would be examined to determine if these six carpenters were, in fact, employees or independent contractors.

The following facts are uncontradicted. The petitioner admitted that he provided his own transportation to a job; that he used his own tools; and that he ordered materials from a supplier of his own choosing, but that he told the supplier to bill respondent for the same. He also admitted that there was no withholding from the payments made to him by respondent of any amounts either for internal revenue, social security, or unemployment compensation purposes. He further testified that he kept a record of his own hours of work; that each week he called in the hours he worked to respondent; and that he was paid weekly on an hourly basis for the number of hours worked that week.

The petitioner's brother, who was also employed at R. L. Platter, Inc., as a carpenter, testified that both he and petitioner fixed their own working hours, and that they both

filed individual federal income tax returns as self-employed persons.

In substance the testimony presented by respondent is that it considered the petitioner and others who worked for it in the same capacity, not as employees but rather as individual independent contractors; that this was the reason why no withholdings were made from the weekly check sent to petitioner and why he was not listed as an employee on respondent's own income tax returns; and that its quarterly tax returns never included petitioner as an employee. With respect to the weekly payments to petitioner, respondent's evidence is that this was the method of payment agreed to by the parties because petitioner, on account of his financial circumstances, did not want to wait till the end of a job for his money.

The majority decision states: "We are satisfied that the petitioner demonstrated his intention of considering himself an independent contractor rather than an employee of the respondent. There is no evidence to suggest that the respondent wanted to evade the coverage of the workmen's compensation act since both petitioner and the respondent freely intended that petitioner was an independent contractor and not an employee." They concluded that the decree entered by the trial commissioner was supported by the weight of the credible evidence and correct in law and therefore entered a decree affirming the trial commissioner's decree.

We come now to the reasons of appeal which petitioner has briefed and argued under issue I. The principal thrust of his argument is that respondent had the power to control the manner and mode of his employment and therefore the commission erred in holding that he was not an employee under the act. He stresses the fact that petitioner had no office, no employees, no stationery; that he rendered no bills to respondent; that he was paid by the hour and by the

week and not by the job; that Mr. Platter had the power to move petitioner from job to job; that petitioner was never consulted about the cost of any job; that if there were any deficiencies in his work, he was not held accountable and would continue to receive his payments while the errors were corrected; and that Mr. Platter would supervise the jobs—sometimes daily. He argues in substance that this evidence shows the existence of an employer-employee relationship and not an independent contractor situation. We do not agree with petitioner. In our opinion the decree entered by the majority of the commission is not in error. In the circumstances we do not reach the stipulation filed by the parties.

The word "employee" is defined in §28-29-2(b), insofar as is pertinent here as follows: "The word 'employee' means any person who has entered into the employment of or works under contract of service * * * with any employer * * * "

As we view the record, there are no basic contradictions in the evidence. Nor is there any serious dispute between the parties about the law applicable in employer-employee relationships and in situations involving a contractor-subcontractor relationship. The trouble generally arises, as in the case here, in determining whether a given set of facts gives rise to one or the other of the relationships in question.

The petitioner cites many cases, both from this and other jurisdictions, which have discussed and considered this problem. Since this court has dealt with the subject in several cases, we do not deem it necessary to discuss the cases from other jurisdictions. In *Sormanti* v. *Marsor Jewelry Co.*, 83 R. I. 438, the court said at page 441: "It is generally held that it is impossible to determine the relationship of employer and employee by any hard and fast rule. Ordinarily no single phase of the evidence is determinative of the ques-

tion and all features thereof must be considered together. In other words, the answer to such question depends in each case upon its particular facts taken as a whole. See 1 Schneider Workmen's Comp., §220, p. 575."

We held in *Davies* v. *Stillman White Foundry Co.*, 91 R. I. 337, at page 341, "While it is true that the power of control of an employee by an employer is an incident to be considered in determining the existence of the employer-employee relationship, it does not follow that it is the only test."

In the case at bar the commission was faced squarely with a mixed question of fact and of law in determining whether an employer-employee relationship existed between the parties. In our opinion the findings of fact by the majority members of the commission are supported by competent evidence, both oral and documentary, and we find no error in the decree entered by them affirming the decree of the trial commissioner.

We have considered petitioner's contention that the facts in *O'Connor* v. *Narragansett Electric Co.*, 54 R. I. 317, and *Henry* v. *Mondillo*, 49 R. I. 261, are close to those in the case at bar. While we affirm the holding in each of those cases, we repeat what we said *supra*, namely, that each case depends upon its peculiar facts taken as a whole. Factually *O'Connor*, *supra*, and *Mondillo*, *supra*, differ materially from the instant case. We find no merit in petitioner's contention that the full commission misconceived the evidence. We have carefully considered every reason of appeal briefed or argued by the petitioner. Those not specifically referred to by us have been considered and found to be without merit.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

## Motion for Reargument.

JULY 9, 1965.

Per Curiam. After our opinion in the above cause was filed the petitioner asked and received permission to file a motion for reargument. Pursuant thereto he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered them and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Temkin, Merolla & Zurier, Amedeo C. Merolla,* for petitioner.

*Leo X. McCusker, Carl Capozza,* for respondent.