370 A.2d 1284.

GUSTAVO DiRAIMO *vs.* ANTHONY DiRAIMO *et al.*

MARCH 23, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This case is before us on the plaintiff's appeal from a declaratory judgment entered in the defendants' favor. The plaintiff had filed a complaint for declaratory judgment in which he claimed injuries incurred by him were covered under certain insurance policies issued

by two of the defendants.[1] The case was heard before a justice of the Superior Court sitting without a jury. He found that the plaintiff's injuries were not covered in the policies.

The plaintiff DiRaimo is the son of defendant Anthony DiRaimo. The senior DiRaimo is the owner of Thornton Liquor Mart, Inc. (hereinafter referred to as Thornton), which is a Rhode Island corporation, also a defendant in this case.

On February 15, 1972, plaintiff was helping his father start the latter's pickup truck in the parking lot of Thornton. The plaintiff had opened the hood of the truck and was trying to adjust the battery cable. At plaintiff's request, and not knowing the truck was in gear, defendant DiRaimo turned the ignition key. This caused the truck to lurch forward and pin plaintiff to the wall of the liquor store. The resulting injuries incurred by plaintiff are the subject of the instant controversy.

The defendant National Grange Mutual Insurance Company (hereinafter National Grange) had issued to defendant DiRaimo a motor vehicle insurance policy for the vehicle involved in the mishap, and another defendant, Great American Insurance Company (hereinafter referred to as Great American), had issued a Business Protector Policy to the corporate defendant Thornton.

A complaint was filed seeking a declaratory judgment that National Grange and Great American were bound to defend defendants DiRaimo and Thornton in accordance with the aforementioned insurance policies and to satisfy any judgment in the action brought against them.

---

[1] A third insurance company, American National Fire Insurance Company, which had issued a homeowners' policy to Anthony and Carolyn DiRaimo, was also named as defendant. The company's motion to dismiss the complaint as to it was granted at the conclusion of testimony on the grounds that no evidence was presented as to that policy.

The evidence in this case discloses that defendant Di-Raimo is sole owner, president and treasurer of Thornton; that his usual employment is as a carpenter for The Hope Building Company, Inc.; and that his wife, Carolyn, acting in her capacity as secretary and vice president of the liquor business, ran that business on a daily basis and received $125 per week for her services. The defendant DiRaimo would work at the store evenings. Three weeks prior to the incident involved in this case, defendant DiRaimo had been "laid-off" from his job with The Hope Building Company, Inc., and began to spend his mornings working at Thornton with his wife.

From February 1971 through October 1971, plaintiff DiRaimo helped out at Thornton between 9:30 a.m. and 2 p.m. almost every day. When otherwise unemployed, plaintiff would again assist at Thornton up to 6 or 7 hours a day. During the week prior to the mishap, plaintiff put in between 20 and 30 hours at Thornton. His duties there included making deliveries, stocking and dusting shelves, as well as conducting the entire operation of the store when his mother was not present. The plaintiff was not on the payroll of Thornton but was given $20 to $30 a week spending money by his father. Both father and son testified that when plaintiff obtained outside work this allowance would cease.

With respect to National Grange's automobile liability policy the pertinent exclusion provision is as follows:

"This policy does not apply:
* * *

"(d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."

With respect to Great American's Business Protector Policy the pertinent exclusion provisions are as follows:

"This policy does not apply:

\* \* \*

"(c) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured, but this exclusion does not apply (1) to any such injury arising out of and in the course of domestic employment by the insured unless benefits therefor are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) to liability assumed by the insured under a written contract other than an agreement between the insured and any employee or his representative;

"(d) under Coverages B and D to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to the named insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by the named insured; but this exclusion does not apply to the parking of an automobile on premises owned by, rented to or controlled by the named insured or the ways immediately adjoining, if such automobile is not owned by or rented or loaned to the named insured."

In his decision, the trial justice stated:

"It is apparent from the provisions of both policies quoted above that said policies do not afford coverage to Thornton Liquor Mart as an 'insured' for liability arising out of the occurrence of February 15, 1972 if Gustavo DiRaimo was an employee of Thornton Liquor Mart, Inc. and his injury arose out of and in the course of his employment. The crucial issue, therefore, is whether the plaintiff Gustavo DiRaimo was acting as an employee of Thornton Liquor Mart at the time of the occurrence in question."

The trial justice, relying on the case of *Ryan v. Unsworth*, 52 R.I. 86, 157 A. 869 (1931), held that "the words

'employee' and 'servant' are synonymous."[2] He further found that plaintiff was paid by his father for services rendered to Thornton and that plaintiff had worked there on a regular basis for "some period of weeks before the occurrence with the knowledge and consent of the officers of that corporation." The trial justice thus concluded that the exclusion provisions applied to plaintiff DiRaimo and that therefore neither insurer had a duty to defend Thornton in the case nor pay any judgment arising therefrom.

On plaintiff's appeal the issue before us is precisely that before the trial justice: Was Gustavo DiRaimo acting as an employee of Thornton at the time of the accident in question? We agree with the trial justice that the evidence presented in this case supports the finding that plaintiff DiRaimo was an employee of Thornton at the time in question.

However, while we agree with the findings of fact reached below, we do not agree with his reliance on *Ryan* v. *Unsworth, supra,* as controlling authority in this case. After *Ryan,* in *Anderson* v. *Polleys,* 53 R.I. 182, 165 A. 436 (1933), this court stated that with enactment of the Workmen's Compensation Act the Legislature effected changes in the common law meaning of the word "employee." In that case we held the term "employee" includes:

> "* * * any person, who has entered into the employment of, or works under contract of service or apprenticeship with any employer, and whose remuneration does not exceed three thousand dollars a year * * *. It shall not include a person whose employment is of a casual nature, and who is employed otherwise than

---

[2]"A servant in law is any person, male or female, minor or of full age, paid or unpaid, who works for another with his knowledge and consent. * * * An employee is synonymous with servant and is included in the definition of the latter." *Ryan* v. *Unsworth,* 52 R. I. 86, 88, 157 A. 869, 870 (1931).

for the purpose of the employer's trade or business
* * *." *Id.* at 184-85, 165 A. at 437.

This definition coincides with that provided in the
Workmen's Compensation Act,[2] and we believe it is the
definitive test for determining the status of an employee.
Applying this test to the instant case, we find plaintiff
DiRaimo was an employee of Thornton. The question
remains whether his employment was of a casual nature,
thereby entitling him to recovery under the pertinent in-
surance policies.

"Casual employment" has been described as that which
is "irregular, unpredictable, sporadic, and brief in nature."
*See* 1A Larson, *Workmen's Compensation Law* §51.00
(1973). The duration, predictability and regularity of re-
currence are factors to be considered in determining
whether employment is casual. It is also helpful to note
whether the services rendered are necessary to the conduct
and furtherance of the business. *See Gibbons* v. *United
Elec. Rys.*, 48 R.I. 353, 355, 138 A. 175, 176 (1927).

The evidence establishes that plaintiff DiRaimo's em-
ployment was not of a "casual nature." Although we dis-
agree with the test applied by the trial justice in deter-
mining whether plaintiff DiRaimo was an employee of
Thornton, we sustain his ruling. It is well settled that this
court will sustain an order or judgment that is correct al-
though we do not accept the reasoning upon which it
rests. *Bric's Market, Inc.* v. *State*, 105 R.I. 572, 577, 253
A.2d 590, 592 (1969).

In light of the foregoing, we conclude that the plaintiff

---

[2]General Laws 1956 (1968 Reenactment) §28-29-2(b) reads in pertinent
part as follows:
"* * * any person who has entered into the employment of or
works under contract of services or apprenticeship with any employ-
er * * *. It shall not include a person whose employment is of a
casual nature, and who is employed otherwise than for the purpose
of the employer's trade or business * * *."

DiRaimo was an "employee" within the meaning of the Workmen's Compensation Act; that his relationship with Thornton was not of a casual nature; that his services were necessary to and in the furtherance of his employer's business; and that while it may at times have been brief, his employment was recurring.

The plaintiff's appeal is denied and the judgment appealed from is affirmed. The case is remanded to the Superior Court for proceedings not inconsistent with this opinion.

*Gunning, LaFazia & Gnys, Inc., Raymond A. LaFazia,* for plaintiff.

*Higgins & Slattery, Eugene V. Higgins,* for Great American Insurance Company. *Keenan, Rice, Dolan, Reardon & Kiernan, Leonard A. Kiernan, Jr., James A. Currier,* for National Grange Mutual Insurance Company, defendants.