[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came to trial before the court sitting without a jury on petition for declaratory judgment in order to determine the rights of the parties with respect to a policy of insurance issued by the plaintiff, Employers Mutual Casualty Company (Employers). Employers' obligation to pay out under the policy depends upon whether the would-be claimant, Frank Circosta, III (Circosta) was an employee of co-defendant Paint-Rite, Inc. when he was injured while working for Paint-Rite. The court heard testimony from two witnesses presented at the trial, Christopher Tucker, president of Paint-Rite, Inc., as well as Frank Circosta, III.
In determining the employment status of Circosta, this court is guided by the reasoning of the Rhode Island Supreme Court in three leading cases which dealt with questions similar to the one presented here. See Laliberte v. Salum, 503 A.2d 510 (R.I. 1986); DiRaimo v. DiRaimo, 117 R.I. 703, 370 A.2d 1284 (1977);DiOrio v. R.L. Platter Inc., 100 R.I. 117, 211 A.2d 642 (1965). Employers cites to these cases for support in contending that Mr. Circosta was an employee of Paint-Rite, Inc., while Circosta cites to the same authority for the proposition that he was an independent contractor.
In DiRaimo, the court was confronted with two general liability policies of insurance with provisions and exclusions similar to those contained in the policy presently before the court.[1] In order to decide whether the policy provided coverage for injuries sustained by a worker during the course of his employment, the court has to determine whether the plaintiff was acting as an employee at the time of the accident. DiRaimo,
370 A.2d at 1286. The court indicated that the term "employee" includes:
 ". . . any person who has entered into the employment of, or works under contract of service or apprenticeship with any employer and whose renumeration does not exceed three thousand dollars a year . . . It shall not include a person whose employment is of a casual nature, and who is employed otherwise than for the purpose of the employer's trade or business . . ." Id. (quoting Anderson v. Polleys, 53 R.I. 182, 184-85, 165 A. 436, 477 (1933)).
The DiRaimo court then proceeded to discuss whether the employment in question was of a casual nature. "Casual employment" has been defined to be that which is "irregular, unpredictable, sporadic, and brief in nature." DiRaimo, 370 A.2d at 1287 (quoting 1A Larson, Workmen's Compensation Law § 51.00 (1973)). The court pointed out that in determining whether employment is casual, other factors to be considered are the duration, predictability and regularity of recurrence. DiRaimo,
370 A.2d at 1287.
Other cases which have examined the differences between an employee and an independent contractor have stressed the need to focus on the particular circumstances involved in the employment relationship. See DiOrio v. DiOrio. The DiOrio court stated that it is impossible to determine the nature of an employment relationship by any hard and fast rule. DiOrio, 211 A.2d at 644. An examination of all features of the evidence presented must be undertaken. Id. The question of whether one is an employee or an independent contractor "depends in each case upon its particular facts taken as a whole." Id.
In light of the factors set forth in the foregoing cases, this court is of the opinion that Mr. Circosta was not an employee of Paint-Rite, Inc. at the time of his injury. Whatever capacity in which Mr. Circosta was working, he only worked in such capacity for one and one half days before he was disabled. Accordingly, it is difficult, if not impossible, for the court to compare a specific work pattern with the factors delineated in the leading cases because no true pattern had been established. It is therefore essential for the court to consider the intentions of the parties involved.
In this regard, Christopher Tucker, the president of Paint-Rite, as well as Frank Circosta, III, indicated through their respective testimonies that Mr. Circosta's status was probably that of an independent contractor. The term independent contractor, however, appears to have been utilized more as a means of establishing the "gross amount" payment schedule which was implemented rather than as a means of describing the work relationship. That notwithstanding, it is clear to the court that an employer-employee relationship did not exist. The court finds that the testimony of Mr. Circosta indicating that he was working on a "day to day" basis while seeking other employment was indeed credible. Moreover, Circosta specifically recalled that he and Tucker had agreed from the outset that Circosta would be working as a subcontractor, which further evidences the independency of work status that Circosta desired. At the same time, Tucker was unable to recall the exact arrangements in regard to the work which was to be performed by Circosta.
Having had the opportunity to evaluate the demeanor of the two witnesses presented at trial, the court concludes that in regard to the employment relationship which existed between Paint-Rite, Inc. and Mr. Circosta, Circosta's status was that of an independent contractor.[2] Although the plaintiffs offer various contentions pertaining to the supervision of employment, the furnishing of materials, transportation to the job site and numerous other indicia as indicative of an employer/employee relationship, the court must look to the facts as a whole, including what the parties intended, in determining Circosta's work status.[3] For the reasons previously set forth, the court finds that Circosta's work status was that of an independent contractor.
When examining the terms of the insurance policy, this court is bound by the rules established for the construction of contracts generally. Malo v. Aetna Casualty and Surety Co.,459 A.2d 954, 956 (R.I. 1983). Therefore, if the language contained in the policy is ambiguous or susceptible of one or more reasonable interpretations, it will be construed in favor of the insured. Bush v. Nationwide Mutual Insurance Co., 448 A.2d 782, 784 (R.I. 1982). When the terms are clear and unambiguous, they must be applied as written and be given their plain, ordinary meaning. Id. (citing Hughes v. American Universal Insurance Co.,423 A.2d 1171 (R.I. 1980)).
In focusing upon the language of the insurance policy issued by Employers, the court finds it noteworthy that different terms are used in the various exclusionary provisions contained in the policy. That is, under Coverage A., entitled "Bodily Injury and Property Damage Liability", the exclusion provides in part that
 This insurance does not apply to: . . . "Bodily injury" to:
 (1) An employee of the insured arising out of and in the course of employment by the insured.
Under Coverage C., entitled "Medical Payments", the exclusionary provision provides as follows:
 We will not pay expenses for "bodily injury":
 b. To a person hired to do work for or on behalf of any insured or a tenant of any insured.
A careful reading of these provisions reveals that Employers uses the term "person hired to do work" in the exclusion under the coverage provided for "Medical Payments". Whereas the term "employee" is used in a similar exclusion under the section of the policy entitled "Bodily Injury and Property Damage Liability." While the exclusion under the "Medical Payments" section of the policy is arguably broader, this court has not been asked to construe that particular provision. However, in light of the "Bodily Injury and Property Damage Liability" provision and owing to the more narrow phraseology contained in the exclusion thereunder, the court finds that the injuries sustained by Circosta while working for Paint-Rite, Inc. are covered under this portion of the policy.
Accordingly, the court finds that defendant was an independent contractor of Paint Rite, Inc. at the time of the accident and therefore within the coverage provision of that section of the policy pertaining to bodily injury and property damage. Counsel will prepare a form of judgment for the defendant.
[1] One such policy exclusion provided as follows:
"This policy does not apply: (j) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured if benefits thereafter are in whole or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured."
[2] The court finds it necessary to point out that the facts of the instant case amount to more than that which is contemplated by the term "casual employment". That is, although the services rendered by Circosta were arguably irregular, sporadic and unpredictable, they were unquestionably "necessary to the conduct and furtherance of the business." See DiRaimo v. DiRaimo.
[3] To this end, the facts as well as the holding of DiOrio
are compelling, where the court upheld a finding that the petitioner was an independent contractor even though:
". . . petitioner had no office, no employees, no stationery; that he rendered no bills to respondent; that he was paid by the hour and by the week and not by the job; that (the respondent) had the power to move petitioner from job to job; that petitioner was never consulted about the cost of any job; . . . and that (the respondent) would supervise the jobs — sometimes daily . . ." DiOrio, 211 A.2d at 644.