DECISION
Before this Court is the petition of Sharon Lyman (plaintiff) seeking a declaration of rights as a result of the Employees Retirement System's (System) denial of her application to purchase service credits for past employment. Jurisdiction is pursuant to Title 9, chapter 30, of the General Laws of Rhode Island.
The plaintiff is a public school teacher in North Providence. She began her teaching career in 1966 and, as a condition of that employment, has been a participant in the Employees Retirement System since that date. Prior to teaching in the public schools, the plaintiff was employed by Rhode Island College (RIC) as a student worker from January 1965 to June 1966.
On December 31, 1992, Lyman applied to the System to purchase service credits for the period of her employment at RIC. The System notified Lyman on December 31, 1992, and January 12 and 19, 1993, that her application had been denied. Plaintiff appealed and on May 11, 1994, the Retirement Board notified her that her appeal was denied. The plaintiff seeks a declaration from this Court that her right and eligibility to purchase said service credits on December 31, 1992, are governed by the laws and regulations in effect as of that date and are not impaired by legislation which became effective on January 1, 1993, or by policies of the Employee Retirement System which interprets state law.
The Employee Retirement System is a contributory retirement system established by the state Legislature to provide retirement, disability, survivor, and death benefits to plan participants. As a public school teacher, Lyman's status with regard to retirement benefits is governed by G.L. 1956 (1992 Reenactment) § 16-16-1, et seq., as amended, and § 36-8-1, et seq., as amended. As of December 31, 1992, neither provision included any specific or express language which would prohibit purchase of service credits of the nature requested by the plaintiff.
Both sections were amended in 1992 by House Bill 7294 in a manner which expressly prohibits state employees from purchasing service credits for casual or seasonal employment effective January 1, 1993, as follows:
 "No member of the employee's retirement system shall be permitted to purchase service credits for casual or seasonal employment, for employment as a page in the general assembly, or for employment at any state college or university while the employee is a student or graduate assistant of the college or university."
(P.L. 1992, ch. 306, art. 1, § 6.)
The amendment concludes with the following language: "This act shall take effect on January 1, 1993." Id., art. 4, § 2.
The plaintiff maintains that her application to purchase service credits is not governed by the amendment, while the System maintains that such amendment simply codifies policies already in place within the Employee Retirement System, which policies standing alone disqualify the plaintiff from eligibility.
It is well established that statutes and their amendments are presumed to apply prospectively, Lawrence v. Anheuser Busch,Inc., 532 A.2d 864, 869 (R.I. 1987), and only when a statute contains clear and explicit language requiring retroactive application will the statute be so applied, Avanzo v. Departmentof Human Services, 625 A.2d 208 (R.I. 1993). The statutory enactment at issue contains very clear and express language declaring that it was to take effect on January 1, 1993.
It is the function and duty of this Court to construe statutes in a manner which effectuates the intent of the Legislature. Town of East Greenwich v. O'Neil, 617 A.2d 104, 108 (R.I. 1992). If the language of the statute is clear on its face, the plain meaning of the statute must be given effect. In reBarnacle, 623 A.2d 445, 450 (R.I. 1993). The act in question contains unequivocal language which gives the legislation an effective date of January 1, 1993, meaning its provisions are to be applied prospectively; consequently, it was not in effect on December 31, 1992, when plaintiff made her application to the System.
The System does not base its denial of plaintiff's eligibility entirely on the statutory amendment. Rather, it is the position of the System that rules, regulations, and policies had been established within the System which define "employee" and "teacher" and which govern the instant matter pursuant to the powers vested in the general administration of the System by the Legislature. Citing those rules and policies, the System asks this Court to consider those policies as controlling over state law.
Under state law, the term "employee" is expressly defined as one "whose business time is devoted exclusively to the services of the state, but shall not include one whose duties are of a casual nature," and as "any regular and permanent employee . . . whose business time is devoted to service" for municipal employees. §§ 36-8-1 and 45-21-2(5). Section 16-16-1 defines "teacher" as follows:
 ". . . a person required to hold a certificate of qualification issued by or under the authority of the board of regents . . . and who is engaged in teaching as his or her principal occupation. . . . The term shall include a person employed as a teacher . . . or any person who . . . is working in the field of education that holds a teaching or administrative certificate. . . ."
The Court is mindful of the System's statutory authority to adopt policies and procedures in pursuit of orderly administration. In examining the language, nature, and object of statutes, however, the Court must attempt to interpret those laws in a way which will further the apparent intent of the Legislature. D'Ambra v. North Providence School Committee,601 A.2d 1370 (R.I. 1992) (citing Lake v. State, 507 A.2d 1349, 1351 (R.I. 1986)).
The evidence indicates that the plaintiff was an employee at Rhode Island College for some duration during 1965 and 1966. As such, she would be considered a state employee for purposes of §36-8-1. There is evidence that she was so employed while a student at the college, and there is no evidence that she worked at any other place of employment during the relevant time period. Accordingly, this Court finds plaintiff as one whose business time was devoted exclusively to the services of the state at that time.
As to the "casual nature" of employment which would disqualify the plaintiff, this Court finds neither evidence nor even an allegation of the plaintiff's employment in such terms. Casual employment is that which is irregular, unpredictable, sporadic and brief in nature. DiRaimo v. DiRaimo, 370 A.2d 1284
(R.I. 1977). Her employment at RIC spanned portions of 1965 and 1966, while not a lifetime, certainly not a brief period. Furthermore, there is no evidence which could lead this Court to view her employment as irregular, unpredictable, or sporadic. The Court finds that plaintiff's employment at RIC satisfies the requirement of the statute and does not disqualify her for eligibility under the subsequent statutory prohibition.
When the language of a statute is unambiguous and expresses clear and sensible meaning, there is no place for statutory construction or extension. In re Sabetta, 661 A.2d 80 (R.I. 1995), Dahl v. Begin, 660 A.2d 730 (R.I. 1995). Finding no ambiguity, the Court must accord the relevant statutes their plain meaning. The plaintiff was an employee of the State of Rhode Island during the relevant time periods and, as such, is eligible to purchase service credits for that duration of her employment.
For the foregoing reasons, the Court finds that the plaintiff has satisfied the statutory requirements of § 36-8-1 as constituted on December 31, 1992, and is therefore eligible to purchase service credits for the time of her employment at RIC in 1965 and 1966.
Counsel for plaintiff shall prepare an appropriate order in accordance with this decision.