356 P.2d 1021

Winford S. JOHNSON, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona and Yuma County Fair, Inc., Respondents.

No. 6927

Supreme Court of Arizona.

Nov. 16, 1960.

---

Cameron & Varga, Yuma, for petitioner.

Frances M. Long, Phoenix, for respondent Industrial Commission; Donald J. Morgan, James D. Lester, Phoenix, Edward E. Davis, Glendale, and C. E. Singer, Jr., Phoenix, of counsel.

STRUCKMEYER, Chief Justice.

Petitioner Winford S. Johnson was a prisoner in the Yuma County Jail on the 8th day of August, 1958. Respondent Yuma County Fair, Inc., a non-profit private corporation, applied to the Yuma County Sheriff for prisoners to assist in dismantling some buildings near Dateland, Arizona. The Sheriff of Yuma County placed petitioner and seven other men in respondent's custody, who was to have their full control until returned to jail.

Respondent provided petitioner, along with other prisoners, food, lodging, sundries and cigarettes. All prisoners were to be given three days credit on their sentences for each day worked for the Yuma County Fair, Inc. The work was to be under the direct supervision and control of the Executive-Secretary of respondent corporation, Frank Deason. No guard or officer from the Sheriff's office accompanied the prisoners to the work site. While petitioner was on the job under the direction and supervision of the Yuma County Fair, Inc. he fell from the rafters of one of the buildings that was being dismantled. As a result of the fall, onto a concrete floor, petitioner sustained a fracture of the middle phalanx of the middle finger and a mild minimal compression fracture of the eighth dorsal vertebra. The Yuma County Fair, Inc. carried an Industrial Commission Insurance Policy at the time of the accident, but it did not include the prisoners from the county jail in the list of employees periodically submitted to the Industrial Commission.

Petitioner filed his report of the injury on January 9, 1959, stating the date of injury to be August 17, 1958. On January 20, 1959 the Industrial Commission made findings and award for non-compensable claim. It was found that petitioner was not in the employ of the Yuma County Fair, Inc. at the time he sustained the above mentioned injuries. Application for

rehearing was made and a second hearing took place on May 12, 1959. The earlier award of the Industrial Commission was confirmed and petitioner brings the matter to this court by Writ of Certiorari.

This case presents the single question of whether a county prisoner, injured while on loan to a private corporation, is an employee within the meaning of the Workmen's Compensation Act of Arizona, and therefore entitled to compensation for injuries sustained during the time he was so employed.

By statute, A.R.S. § 23–901, "Employee", "workman" and "operative" means:

\* \* \* \* \* \*

"(b) Every person in the service of any employer subject to the provisions of this chapter, including aliens and minors legally or illegally permitted to work for hire, but not including a person whose employment is casual and not in the usual course of trade, business or occupation of the employer."

The meaning and effect to be given the term "employer" is set forth in A.R.S. § 23–902:

"Employers subject to the provisions of this chapter are the state, each county, city, town, municipal corporation, school district and every person who has in his employ three or more workmen or operatives regularly employed in the same business or estab-

lishment *under contract of hire* \* \*." (Emphasis supplied.)

By their own admission respondents had more than three workmen or operatives on the job. Hence the questions of whether petitioner was an "employee, workman or operative" and whether respondent was an "employer" within the terms of the Workmens' Compensation Act necessarily depend on whether there can be found here an express or implied contract for hire.

The evidence is undisputed that respondent corporation exercised exclusive control over the prisoners. Frank Deason, Executive-Secretary of respondent corporation, testified:

"Q. Well, did you direct the men what was to be done? A. I did.

"Q. And did you direct Mr. Johnson— A. I did.

"Q. — as to what he was to do? A. That's right.

\* \* \* \* \* \*

"Q. Now from day to day did you direct Mr. Johnson where to work, on what buildings to work? A. I did. I was responsible for where all of the men worked.

"Q. And did you tell him what time to start work? A. Yes, sir.

"Q. And what time to quit? A. Yes, sir.

\* \* \* \* \* \*

"Q. Total of eight prisoners. Now did any guard or officer from the Sheriff's office accompany you on this trip? A. No, sir, they did not. The reason for that, if you are interested, is the fact that these men were all considered trustworthy, or trustees, whatever you call them, and they didn't feel a guard was necessary."

He testified further that the Yuma County Fair, Inc. had complete power to terminate petitioner's work.

"Q. What would you have done if Winford Johnson had refused to do what you told him to do? A. I would have returned him to the jail."

Although petitioner's compensation was not in the form of monetary reward he received extra cigarettes, lodging, sundries and meals, all provided by Yuma County Fair, Inc. This court has heretofore passed on the question of compensation in Workmen's Compensation cases. In Killebrew v. Industrial Commission, 65 Ariz. 163, 176 P.2d 925, it was held that the fact that an employee was working in exchange of service for favors, does not make the contract for hire any less legal or effective.

Respondent cites several cases in other jurisdictions where an injured prisoner was held not to be within the applicable Workmen's Compensation Act. After carefully reviewing each case we are of the opinion that all are readily distinguishable. In all of the cases cited to the court by respondent the injured prisoner was working on a prison project under constant supervision of law enforcement officials. Furthermore, in no instance was the injured prisoner working on a private project carried on by a private corporation.

The only case found dealing with the loaning of prisoners to a private corporation is Taylor v. Arkansas Light & Power Co., 173 Ark. 868, 293 S.W. 1007, cited by petitioner. There the State of Arkansas had contracted to provide prisoners on a power project. A warden was sent along to supply constant supervision. All work was done at the express direction of the warden and all necessities were provided by the State. The court held that a death suffered on the job was not compensable, relying mainly on the fact that the warden was in charge. The court made the following observation:

"* * * the relation of master and servant rests upon a contract of service between the parties, the essential elements of which are that the master shall have control of the employee and the right to direct the manner in which the service shall be performed." 173 Ark. 870, 293 S.W. 1007, 1008.

In the instant case petitioner was at all times under the control of the employer,

**358**

Yuma County Fair, Inc., which had the right to direct the manner in which the service was to be performed and the right to terminate petitioner's services.

Although petitioner was under duress in that he was a prisoner of Yuma County, there is nothing in this record to indicate that the actual services of these eight prisoners for the Yuma County Fair, Inc. was compulsory. As an additional inducement they were each given three-days credit for each day's work and seemingly were free to choose whether they worked or not. All the essentials of a contract for hire were present. Consideration flowed from the employer by way of different food and lodging, perhaps better, and sundries and cigarettes. Petitioner evidenced his agreement to the arrangement by performing the work tendered.

Both parties to this appeal cite California Highway Commission v. Industrial Accident Commission, 200 Cal. 44, 251 P. 808, 49 A.L.R. 1377. That case was decided under specific California statute which has no counterpart in this state. For that reason we fail to find the California case applicable.

It is therefore ordered that the findings and award of non-compensable claim be set aside.

PHELPS, BERNSTEIN, UDALL and LESHER, JJ., concurred.