EDWARD I. MACDONALD, JR. *vs.* STATE OF RHODE ISLAND.

JANUARY 16, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Frost, JJ.

FROST, J. This is an action of the case brought pursuant to permission granted to plaintiff by an act of the legislature which became effective on January 25, 1962 (H-1051, Acts and Resolves, January Session 1962, p. 1107). The plaintiff seeks to recover compensation for severe injuries to his right hand received on September 13, 1955

when it was caught in an electrically-driven printing press while the press was in motion. The case was tried in the superior court before a justice thereof without the intervention of a jury and resulted in a decision for the plaintiff for $35,000. The case is before this court on the defendant's bill of exceptions to such decision and to certain evidentiary rulings.

The plaintiff, a boy slightly over fifteen years of age, was an inmate of the Rhode Island Training School for Boys at the time of the accident. On that day he was assigned to work on a printing press. There were two presses, a larger one and a smaller one, and he was working on the larger one under the direction of James E. Sweeney who is now dead. At the time the guard, a protective device, which was normally on the machine was broken and was not on the machine. He had worked on it once or twice before. While standing on a box he would put a sheet into the press with his right hand and take it out with his left.

On the afternoon of the accident he put in a sheet of paper and before he had withdrawn his hand the machine caught and crushed it. He was taken to the infirmary and then to Rhode Island Hospital. He was there for a considerable time and after his discharge was readmitted three times for surgery on the hand. He was also at the outpatient department many times from November 1955 to October 1958.

He now has on the right hand the thumb which is more or less stiff, and the ring finger the tip of which is missing. The index, middle and little fingers are gone. There is more or less stiffness in the portion of the right hand which he now has. The undisputed evidence is that plaintiff has lost 70 to 80 percent of the use of his right hand. He has had great difficulty in getting work and holding a job but at the time of the trial was working and receiving $46 a week.

The declaration contains seven counts, the first count alleging a violation of a statutory duty as found in G. L. 1956, §28-3-9, and the remaining counts alleging violation of common-law duties. The defendant filed the general issue to all counts.

The trial justice appears to have decided the case on what he considered to be a violation of the defendant's statutory duty under §28-3-9, a portion of which reads as follows: "Employment of minors in hazardous places or occupations.—No minor under sixteen (16) years of age shall be employed or permitted to work in operating or assisting in operating any of the following machines: * * * job or cylinder printing presses, having motive power other than foot * * *." The printing press on which plaintiff was injured was operated by power other than foot.

By the special act already referred to the legislature has given plaintiff permission to sue the state but recovery can only be if plaintiff at the time of his injury was free from negligence contributing to it. The trial justice has found him free from negligence causing the injury but defendant argues to the contrary.

Because of his small stature, plaintiff to operate the press was obliged to stand upon a box. He was relatively new at the work. The accident occurred not because he made a wrong move but because he did not work fast enough. He failed to withdraw his hand quickly enough. He had worked on the same machine once or twice before and on the afternoon of the accident had put in and taken out from two hundred to three hundred sheets of paper. Whether he was tiring because of his position and because of what he had already done does not appear but it is reasonably probable from the facts which we have.

The statute clearly did not permit the assignment of plaintiff to operation of the printing press even though the protective device were on it. The defendant insists that §28-3-9 does not apply but its clear language, "No minor

under sixteen (16) years of age shall be employed or *permitted* to work," cannot be ignored. (italics ours)

Cornelius P. Horan, superintendent of the Rhode Island Training School for Boys, testified that Mr. Sweeney had told plaintiff not to work on the large press, but that is denied by plaintiff and does not appear in the statement which Mr. Sweeney made to the superintendent which is as follows: "Edward McDonald got his hand caught in the press to-day while feeding the press in the print shop. I started him in on the small press. After a half hour he changed over to the big press and was doing good there until he caught his hand." It was signed by James E. Sweeney and was on a printed form headed: "R. I. Training School For Boys[,] Howard, R. I. Special Report To The Superintendent."

The defendant cites *O'Hare* v. *Jones*, 161 Mass. 391, wherein a convict sued jail officers for personal injuries sustained when his hand was caught in a planing machine. The court allowed no recovery and said that the defendants were public officers. It is sufficient to say that in the instant case permission was given for suit against the state.

The defendant also cites *Langlois* v. *Dunn Worsted Mills*, 25 R. I. 645, wherein a boy fourteen years of age, of immature intelligence and feeble memory, was employed to work on a machine which was defective for want of a lever to stop it when in motion. The boy, who was very young, apparently had been warned or at least knew of the danger, but momentarily forgot the absence of the lever, failed to keep his hand from the place of danger, and it was caught in the geared wheels. The court held that he was contributorily negligent. The accident happened sometime prior to February 1904, the date of the opinion, and therefore is of no assistance to the defendant in the instant case inasmuch as §28-3-9 was enacted in 1943.

In the instant case it cannot be denied that plaintiff knew that the guard was off the machine he was operating

and that he momentarily forgot and did not withdraw his hand quickly enough. But we are of the opinion that the initial negligence and the responsible cause of the accident was the fact that the man in charge, a man of years and experience, a man cognizant of the danger in operating the printing press, contrary to law permitted a young and inexperienced boy to operate a press, and particularly a press which was deficient in that it was without its usual safety device.

In our opinion it may fairly be said that the action of the person assigning plaintiff to work on the printing press was the negligent act from which followed his injury. The plaintiff was not a free agent. He was required to follow the orders of those in charge of him. *Rossi* v. *Ronci,* 63 R. I. 250.

We do not find it necessary to discuss the two exceptions relating to statistics concerning wages in the printing industry.

The damages awarded are large but are not excessive in view of the plaintiff's age, the permanent injury sustained, the disfigurement, and the pain and suffering already experienced and which will undoubtedly be felt for years to come.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Joseph A. Mackey, Charles H. Mc Laughlin,* for plaintiff.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for State.