535 P.2d 31

David A. **KEENEY**, Petitioner,

v.

The **INDUSTRIAL COMMISSION** of Arizona, Respondent,

Arizona State Prison, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. I CA–IC 1105.

Court of Appeals of Arizona, Division 1, Department C.

May 20, 1975.

Rehearing Denied June 19, 1975.

Review Denied July 10, 1975.

Rabinovitz, Minker & Dix, P. C. by Bernard I. Rabinovitz, James S. Dix, Tucson, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona by Robert D. Steckner, Richard E. Taylor, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund by Christopher J. Philips, Phoenix, for respondent employer and respondent carrier.

OPINION

DONOFRIO, Judge.

At the time of the injury which is the basis of this claim for workmens' compensation, the petitioner was an inmate of the

**4**

Arizona State Prison at Florence, Arizona. His claim for workmen's compensation was denied on review by The Industrial Commission of Arizona, and the case is before us to review the lawfulness of the Industrial Commission's decision.

The petitioner was injured while working in the license plate plant at the State Prison when an electrical apparatus apparently shortcircuited, causing an explosion and an injury to petitioner's eyes. There is a conflict as to the petitioner's job duties at the time of the accident and some indication that he may have been violating instructions in regard to the circumstances of the accident. At the time of the accident petitioner was incarcerated in the maximum security area of the prison for a term less than life, and was receiving as a form of "compensation" or reward a "two-for-one" time served credit and the sum of twenty-five cents per hour as authorized by A.R.S. § 31–254.

■ The question before us is whether an inmate of the State Prison is eligible for workmen's compensation benefits for injuries suffered while working on his assigned job within the prison and being "compensated" therefor as authorized by state law. We agree with the Industrial Commission that an inmate in this circumstance is *not* eligible for workmen's compensation for the reason that he is not an "employee" within the meaning of the Workmen's Compensation Act, A.R.S. § 23–901 et seq.

The Arizona Constitution specifies certain classes of persons who are subject to the Workmen's Compensation Act. The Constitution does not include prisoners in the Arizona State Prison. It is the sole prerogative of the Arizona State Legislature to specify those additional persons who are to be considered employees within the meaning of the Workmen's Compensation Act. Ferrell v. Industrial Commission of Arizona, 79 Ariz. 278, 288 P.2d 492 (1955). The Arizona Legislature has seen fit to specifically exclude prisoners from the provision of the workmen's compensa-

tion laws in the same statute that allows for a discretionary form of compensation for labor performed by the prisoners. A.R.S. § 31–254(E).

■ Absent election or appointment there must exist a "contract of hire" to establish an employee-employer relationship. A.R.S. § 23–901.4(a). An inmate of the State Prison who is confined there as the result of conviction for a crime cannot be said to have entered into a "contract of hire" with the State. A.R.S. § 31–254 allows a prison inmate to be paid from two to thirty-five cents per hour for labor performed *if* funds are available for such payments. We do not read the statute as a mandatory obligation of the Arizona State Prison, but it seems to be a further effort at rehabilitation of the prisoners by permitting them to purchase from the prison store certain "luxury items" such as cigarettes, an item which previously would have been bartered for. The barter system permitted those inmates with outside financial connections to be in a somewhat favored position among the other inmates. This small token payment of from two to thirty-five cents per hour now available also encourages inmates to work, and allows them to accumulate small savings available when they leave prison. The inmates at the prison are assigned their work duties mainly in accordance with the needs of the prison and their own background and qualifications. We do not consider it a "voluntary" decision on the part of the inmates to decide to work or face twenty-four hour confinement in their cells with no chance for the above-mentioned "compensation."

Petitioner mentions three Arizona cases dealing with prisoners and their entitlement to workmen's compensation which deserve our attention. The first is Johnson v. Industrial Commission, 88 Ariz. 354, 356 P.2d 1021 (1960). The Johnson case is distinguishable on its facts from the instant case. In Johnson the prisoner in the county jail was allowed workmen's compensation for injuries received when he

voluntarily agreed to work for a *private employer* for compensation in the form of food, lodging, sundries, and cigarettes. The prisoners in Johnson were under the sole custody and supervision of an officer of the respondent corporation, and no guard or officer from the Sheriff's Department accompanied them.

The second case is Bearden v. Industrial Commission, 14 Ariz.App. 336, 483 P.2d 568 (1971), which is distinguishable. In Bearden a prisoner was allowed to *continue* receiving workmen's compensation benefits for an injury that occurred prior to his arrest, conviction and confinement.

In the case of Watson v. Industrial Commission, 100 Ariz. 327, 414 P.2d 144 (1966), the Arizona Supreme Court held that a prison trusty who was injured while working on a farm outside the prison walls, and who had volunteered for the job and was receiving special treatment therefor, was not an employee and not entitled to workmen's compensation. The court stated that a "contract of hire" within the meaning of A.R.S. § 23–901 implied a voluntary relationship between the parties, payment of some kind, and at least two parties capable of giving their consent to enter into the relationship. It is to be noted that none of the above three requirements exist in the instant case.

The Watson case was decided in 1966, and it was in some respects fortified by the Arizona Legislature in 1970 when it enacted A.R.S. § 31–254 which established discretionary payments for inmates who worked, and at the same time stated that prisoners would not be eligible for workmen's compensation benefits. We think the legislative intent is clear. If our state is to join those three others (North Carolina, Maryland, and Wisconsin) which allow some form of workmen's compensation for prisoners, it will be up to the Legislature to so provide. See Larson's Workmen's Compensation Law 1A, Section 47.31, page 79.

Although other issues were raised by the parties to this appeal, we think the forego-ing discussion is an adequate disposition of the appeal. We therefore hold that an inmate of the Arizona State Prison is not an employee within the meaning of A.R.S. § 23–901 and is not entitled to workmen's compensation benefits.

Affirmed.

STEVENS, Acting P. J., and FROEB, J., concur.