WRIGHT, Presiding Judge.
This is an appeal from a denial of workmen’s compensation coverage. The cause arose out of the following facts and circumstances:
Charles B. Hayes was employed by the City of Lanett, Alabama, in the gas department. His regular working days were Monday through Friday. Hayes also served the City as an auxilliary policeman on occasion during his off days. One Saturday when Hayes was working as an auxiliary policeman, he was shot while in the squad room of the Lanett Police Department when a police detective’s revolver accidentally discharged. Hayes sustained severe injuries, was hospitalized for an extended period and developed psychiatric problems. Both his medical bills and loss of earnings are great.
Hayes claimed workmen’s compensation in the Circuit Court of Chambers County. After ample discovery and trial before the court, an order was entered whereby the court denied compensation coverage. The trial court specifically found that Hayes’ injuries were not incurred in connection with his employment by the City in the gas department and thus did not arise out of his employment. The court found that auxiliary policemen are not employees of the City, and that supervision by regular policemen is not sufficient to create employment status. Additionally, the trial court found that auxilliary policemen are volunteers only. From the order denying coverage, Hayes appeals.
Appellant contends that the trial court erred in finding that his “volunteer” status precluded recovery under the Alabama Workmen’s Compensation Act, § 25-5-1 Code of Alabama (1975).
Section 25-5-1 defines employer and employee as follows:
(4) Employer.- — Every person not excluded by Section 25-5-50 who employs another to perform a service for hire and pays wages directly to such person.. .. (Emphasis ours.)

(6) Employee and Workman.—
*908 . . . Such terms include every person not excluded by Section 25-5-50, in the service of another under any contract of hire, express or implied, oral or written,

We agree with the trial court that there was no employment status between Hayes and the City for the purposes of his work as an auxiliary policeman. The record clearly shows that no wages were paid to Hayes for this work. Our supreme court in Downey v. Bituminous Casualty Corp., 349 So.2d 1153 (Ala.1977) held that the direct payment of wages by the employer is a statutory requirement. The decision in that case is decisive in this case, and this court has no alternative but to follow the decision of the Supreme Court of Alabama. § 12-3-16, Code of Alabama (1975). We are of the opinion that Hayes was not under a contract of hire, but was performing a non-contractual gratuitous service for the City. This, we consider, is the essence of the trial court’s finding that auxiliary policemen are “volunteers.”
This cause is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.