James SPIKES

v.

STATE.

No. 81–339–Appeal.

Supreme Court of Rhode Island.

April 12, 1983.

Raul L. Lovett, Providence, for petitioner; Lauren E. Jones, Providence, on brief.

Dennis J. Roberts II, Atty. Gen., Richard B. Woolley, Sp. Asst. Atty. Gen., for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal by the petitioner, James Spikes, from a decree of the Workers' Compensation Commission (the commission) denying his petition for compensation.[1] The petitioner sustained injuries while perform-

---

1. The petitioner filed two petitions for compensation which were consolidated at the hearing before the commission.

ing labor on a "work assignment" at the Adult Correctional Institution (ACI) pursuant to G.L.1956 (1977 Reenactment) § 42–56–21.[2] The commission denied him compensation on the basis that he was not an "employee" of the state. *See* G.L.1956 (1979 Reenactment) § 28–29–2(b). The petitioner appeals.

The facts are undisputed. The petitioner was an inmate at the ACI at the time of his injury. On October 30, 1978, he was assigned to an outside work detail. On the day in question, his work vehicle was involved in an accident with another vehicle. The petitioner was injured and unable to return to his outside labor. Consequently, he was assigned to paint walls and ceilings in the minimum-security building. Three weeks after he began this work detail, a plank on the scaffold gave way; petitioner fell and was injured.

At the time of his injury, petitioner was a minimum-security inmate "at labor." The record discloses that a prisoner does not voluntarily seek work. He has no choice as to the type of work he will do and must accept whatever labor the correction officer in charge delegates. The petitioner admitted that after his "injury," he was reminded that refusal of any work assignment would result in his "being booked and sent to maximum."

The record states further that prisoners receive $1 for each day that they work. This rule is the same for all work details regardless of the type of labor performed.

The trial commissioner rendered a decision denying benefits and dismissed the petitions. The appellate commission of the Workers' Compensation Commission affirmed on the ground that petitioner was not an "employee" of the state within the meaning of the Workers' Compensation Act (act), § 28–29–2(b).

The sole issue presented on appeal is whether § 28–29–2 provides Workers' Compensation coverage to inmates performing labor while confined at the ACI.

■ It is well recognized that this court will only consider issues of law or issues that contain a mixture of facts and law. Questions of fact are strictly within the exclusive domain of the commission. *Bottomley v. Kaiser Aluminum & Chemical Corp.*, R.I., 441 A.2d 553, 554–55 (1982).

An issue of law is presented in those instances in which "the facts, as found by the commission and supported by competent legal evidence, permit reasonable men to draw only one conclusion." *DeNardo v. Fairmount Foundries,* 121 R.I. 440, 449, 399 A.2d 1229, 1234 (1979).

■ In the case at bar, the facts are not in dispute. The question posed in regard to eligibility for compensation benefits turns solely on whether petitioner falls within the statutory definition of an "employee" of the state. Therefore, an issue of law is before us.

The majority of jurisdictions generally deny compensation for injuries sustained as a result of work done by inmates in the prisons. Such denial is grounded in the lack of a true "contract for hire" between the prisoner and the prison authorities. IC Larson, *The Law of Workmen's Compensation,* § 41.31, 8–240–242 (1980); *see Downey v. Bituminous Casualty Corp.,* 349 So.2d 1153 (Ala.1977); *Cohen v. Best Made Manufacturing Co.,* 92 R.I. 370, 169 A.2d 10 (1961).

Section 28–33–1 provides coverage to employees who sustain personal injury arising out of and in the course of their employment.

Section 28–29–6 defines all employers who are subject to the act, as "[e]very person, firm, and private corporation, including any public service corporation, including the state, that employs four (4) or more work-

---

**2.** General Laws 1956 (1977 Reenactment) § 42–56–21 provides in pertinent part:

"All persons imprisoned in the adult correctional institutions * * * shall be let or kept at labor therein * * * for the benefit of the state, in such manner * * * as the director or his designee may make * * *."

ers or operatives regularly in the same business or in or about the same establishment under any *contract of hire, express or implied* * * *." (Emphasis added.) G.L.1956 (1979 Reenactment) § 28–29–6.

General Laws 1956 (1979 Reenactment) § 28–29–2 defines the terms "employer" and "employee" as follows:

"(a) The word 'employer' shall include any person, co-partnership, corporation or voluntary association, and the legal representative of a deceased employer; it shall include the state, and also each city * *.

(b) The word 'employee' means any person who has entered into the employment of or works under contract of service or apprenticeship with any employer * * *."

See *DiRaimo v. DiRaimo,* 117 R.I. 703, 370 A.2d 1284 (1977); *Anderson v. Polleys,* 53 R.I. 182, 165 A. 436 (1933).

■ Rules of construction mandate that our interpretation of statutory language give effect to every word, clause, and sentence, when possible. *Flanagan v. Pierce Chevrolet, Inc.,* R.I., 410 A.2d 428, 431 (1980). We are thus bound by the statutory definitions of the terms "employer" and "employee."

■ In examining the act, we find that in order to establish an employer-employee relationship, there must be an express or implied contract for hire. *See* § 28–29–6; *see also Keeney v. Industrial Commission,* 24 Ariz.App. 3, 4, 535 P.2d 31, 32 (1975). This implies that services performed must be voluntary on the part of the employees. Wages must be paid and the two parties must be capable of giving their consent to enter into the relationship. *Watson v. Industrial Commission,* 100 Ariz. 327, 332, 414 P.2d 144, 148 (1966).

The record indicates that inmates at the ACI are assigned to "work details" at the prison pursuant to § 42–56–21. This statute provides that all persons confined at the ACI after conviction of a criminal offense "shall be let or kept at labor therein * * *

for the benefit of the state, in such manner * * * as the director or his designee may make * * *."

In reading § 42–56–21 we see an effort to rehabilitate the prisoners. The inmates are assigned to work details based upon the needs of the ACI and their own background and qualifications. We find no language in the statute that creates an employer-employee relationship during the term of confinement.

■ Furthermore, in scrutinizing the record we find that the requirements necessary to establish a "contract for hire" are lacking. The relationship between the parties is certainly not voluntary. The petitioner was not given the option of consenting to or withholding his consent regarding his labor relationship. Additionally, the wages paid to him are set by statute.

The petitioner relies on *MacDonald v. State,* 95 R.I. 378, 187 A.2d 519 (1963) to support his contention that a contract for hire exists. His reliance is misplaced, however, as MacDonald's claim was grounded in negligence. In *MacDonald,* the petitioner, while confined at the training school, was permitted to operate a power press without a proper safeguard. *Id.* at 379, 187 A.2d at 520. While so working, the petitioner was injured. *Id.* The Legislature then permitted him to bring an action against the state, alleging that the state was negligent in permitting a minor to operate a power press without adequate safeguards. *Id.* at 380, 187 A.2d at 520. Nowhere in the opinion does the court state that the petitioner was an employee of the state.

The petitioner's appeal is denied and dismissed. The decree appealed from is affirmed.