This case presents the issue of whether a city prisoner, injured while working as a "trusty," is an employee of the city under Alabama workers' compensation law.
On September 7, 1994, Mike Lanford began serving a jail sentence imposed as a result of his conviction for driving under the influence of alcohol and related misdemeanor offenses in the City of Sheffield ("City"). In addition to the jail sentence, Lanford was fined. During his incarceration, Lanford worked as a trusty. On October 20, 1994, Lanford was helping a City employee get breakfasts for other City prisoners. While carrying the boxed breakfasts out of the hospital where they were prepared, Lanford fell over a floor fan and was injured.
After the State Board of Adjustments denied Lanford's claim for compensation, Lanford filed a claim for workers' compensation against the City on November 22, 1995. The City moved for a summary judgment on April 18, 1996, on the ground that Lanford was not an employee of the City. On June 4, 1996, the trial court entered a summary judgment for the City. Lanford appeals, arguing that he is entitled to workers' compensation benefits because he was injured while working as an employee of the City.
Rule 56, Ala.R.Civ.P., sets forth a two-tiered standard for entering summary judgment. The rule requires the trial court to determine (1) that there is no genuine issue of material fact and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601
(Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the non-movant and must resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758
(Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 *Page 178 
(Ala. 1986). See also Hanners v. Balfour Guthrie, Inc.,564 So.2d 412 (Ala. 1990).
The record in this case is comprised of the pleadings and the depositions of Lanford and Kirk Jones, the Captain of the City's Police Department. Our review of the record, viewing the evidence most favorably to Lanford, shows that Lanford volunteered to work as a trusty, and that in that capacity, he did a variety of work assisting regular City employees. Although the exact nature of his convictions and sentence is unclear, Lanford was sentenced in municipal court under Ala. Code 1975, § 11-45-9:
 "(a) Municipal ordinances may provide penalties of fines, imprisonment, hard labor or one or more of such penalties for violation of ordinances.
 "(b) No fine shall exceed $500.00, and no sentence of imprisonment or hard labor shall exceed six months except, when in the enforcement of the penalties prescribed in section 32-5A-191, such fine shall not exceed $5,000.00 and such sentence of imprisonment or hard labor shall not exceed one year."
Lanford's work as a trusty was pursuant to Ala. Code 1975, § 12-14-12:
 "The judgment of the municipal court may provide that if a fine and costs are not paid within the time prescribed, the defendant shall work out the amount of the judgment under the direction of the municipal authority, allowing not less than $10.00 for each day's service."
As a result of his work as a trusty, Lanford received a credit of $30 per day against his fine instead of the $20 daily credit given to regular inmates; Lanford also received other privileges not available to regular inmates. Lanford was not paid wages by the City. When the amount of his work credit as trusty equaled his fine, he was to be released.[1]
The critical question posed by this case is whether an individual in Lanford's position is an "employee" for the purposes of Alabama workers' compensation law. Our Supreme Court discussed a situation close to the instant case inDowney v. Bituminous Cas. Corp., 349 So.2d 1153 (Ala. 1977). That case concerned a claim for workers' compensation benefits of a state inmate who was killed while on work lease to the state highway department. The trial court held that the claimant was not entitled to benefits under workmen's compensation coverage, and the claimant appealed.
On appeal, our Supreme Court discussed two cases relied on by the claimants, Pruitt v. Workmen's Compensation Appeals Boardof the State of California, 261 Cal.App.2d 546, 68 Cal.Rptr. 12
(1968), and Johnson v. Industrial Commission, 88 Ariz. 354,356 P.2d 1021 (1960). Both cases involved a prisoner injured while voluntarily working during his sentence to get credit toward completing his sentence. Both cases held that the injured prisoner was eligible for workmen's compensation benefits.
The Court in Downey distinguished Johnson and Pruitt on the ground that the prisoners in those cases had voluntarily undertaken the employment. The Court also held that the prisoner was not an employee under a contract for hire who directly received wages as required by Ala. Code 1958, Tit. 26, § 262(d), (h). The Court stated:
 "One of the essentials of the relation of employee and employer is the voluntary rendition of service by the employee. Reed v. Ridout's Ambulance, Inc., 212 Ala. 428, 102 So. 906 (1925). Under our comp act there must be a contract of hire, express or implied, or written. Tit. 26, § 262(h). The person rendering the services must be paid wages directly by the employer. Tit. 26, § 262(d).
 "In this case, unlike in Johnson and Pruitt, Downey was not performing work voluntarily; rather he was working under sentence after conviction for a felony. He was performing forced labor while leased to the custody of the Highway Department of the State by the Board of Corrections of the State. And finally, but significantly, he was not one to whom the employer directly paid wages; a statutory requirement *Page 179 
For these reasons the judgment is due to be affirmed."
349 So.2d at 1155. (Emphasis added.)
Lanford's work in the instant case is arguably voluntary, andJohnson and Pruitt, supra, are not so easily distinguished as in Downey. However, the statutory definitions of employment and employee for workers' compensation purposes in this case remain the same as those referenced in Downey. Ala. Code 1975, §25-5-1(4) defines an employer as "Every person who employs another to perform a service for hire and pays wages directly to the person." Section 25-5-1(5) defines the terms employee or worker as follows: "The terms include every person in the service of another under any contract of hire, express or implied, oral or written, including aliens and also including minors who are legally permitted to work under the laws of this state, and also including all employees of Tannehill Furnace and Foundry Commission."
Under the interpretation of these definitions given by our Supreme Court in Downey, we conclude that Lanford was not an employee of the City who was directly paid wages under a contract for hire. We note that other jurisdictions have focused on whether there is a true employment relationship between prisoner and correctional facility to reach a similar conclusion. See, e.g., Porter v. Dept. of Corrections,876 S.W.2d 646 (Mo.App. 1994); Keeney v. Industrial Comm'n.,24 Ariz. App. 3, 535 P.2d 31 (1975). Accordingly, the summary judgment is affirmed.
AFFIRMED.
YATES, MONROE, and CRAWLEY, JJ., concur.
[1] Sometime after Lanford's injury, his mother paid the remainder of his fine, and he was released.