PER CURIAM.
This appeal arises from a judgment granting a motion to dismiss a complaint seeking declaratory and injunctive relief and restitution brought against the Alabama Department of Corrections (“the department”) and its commissioner, Michael W. Haley (“the commissioner”), by David Gober (“the inmate”), a state prisoner who allegedly suffered an injury while participating in a prison work-release program pursuant to § 14-8-1 et seq., Ala.Code 1975. The action was brought on behalf of the inmate and an alleged class of similarly situated inmates, and it sought to recover sums allegedly taken by the department from payments made to the inmate and the members of the class as a consequence of injuries the inmate and the members of the class suffered during work-release assignments. The trial court dismissed the complaint, concluding that under § 14-8-6, Ala.Code 1975, the department was authorized to withhold sums from the earnings of work-release inmates. The inmate’s appeal from that judgment was transferred by the Alabama Supreme Court to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
Although the trial court granted the department and the commissioner’s motion to dismiss, we note that the trial court did not exclude the materials filed by the inmate in opposition to that motion, which included an informal opinion of the attorney general, the judgment of the United States District Court for the Northern District of Alabama in Moore v. Camp (No. 78-M-0543-S, Aug. 15, 1978) (not reported in F.Supp.), documents indicating the number of inmates in Alabama purportedly receiving workers’ compensation benefits, and certain forms used by the department in connection with community-based programs. Rule 12(b), Ala. R. Civ. P., provides, in pertinent part, that “[i]f, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.” Because the trial court considered those materials submitted by the inmate in ruling on the defendants’ motion (it, in fact, quoted Moore in its judgment), we will treat the *840 judgment as a summary judgment. See Rule 12(b), Ala. R. Civ. P., and Wesson v. McCleave, Roberts, Shields & Green, P.C., 810 So.2d 652 (Ala.2001).[1]
“The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that [we] must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant.”
Brewer v. Woodall, 608 So.2d 370, 372 (Ala.1992). However, where, as here, the pertinent facts are undisputed, we review the trial court’s application of the law to those facts to determine whether the department and the commissioner were entitled to a judgment as a matter of law. See Carpenter v. Davis, 688 So.2d 256, 258 (Ala.1997); Rule 56(c)(3), Ala. R. Civ. P.
The facts relating to the inmate’s claims are as follows. In October 2000, the inmate was injured while working outside of his prison. At the time of his injury, the inmate was participating in a work-release program pursuant to § 14-8-1 et seq., Ala. Code 1975. Although the entity for whom the inmate was directly supplying labor paid certain monetary benefits as a consequence of the inmate’s injury, the department “intercepted” those funds and withheld a portion from the inmate on the basis that the withheld funds represented a partial repayment of the costs of the inmate’s incarceration.
In the trial court, the inmate contended that the payments made to him constituted workers’ compensation benefits paid pursuant to the Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, and that such benefits could not, under § 25-5-86(2), Ala.Code 1975,[2] be seized, sold, or garnished for the payment of “any debt or liability” of the inmate; he contended that the department’s withholding of a portion of the funds paid as a consequence of his injury amounted to just such a forbidden seizure, sale, or garnishment. As we have stated, however, the trial court agreed with the defendants’ position that the department could properly withhold moneys paid to inmates with respect to their work-release labor, citing § 14-8-6, Ala.Code 1975; that statute provides:
“The employer of an inmate involved in work release shall pay the inmate’s wages directly, to the Department of Corrections. The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in work release. The department is authorized to withhold from an inmate’s earnings the cost incident to the inmate’s confinement as the department shall deem appropriate and reasonable. In no event shall the withheld earnings exceed 40 percent of the earnings of the inmate. After all expenses have been deducted by the department, the remainder of the inmate’s earnings shall be credited to his or her account with the department. Upon his or her release all moneys being held by the department shall be paid over to the inmate.”
*841 The inmate’s contention that moneys an inmate receives as a result of an injury he or she incurs while performing labor under a work-release program are workers’ compensation benefits that cannot be withheld by the department is legally unsound. First, we note that inmates performing labor during their incarceration are not properly viewed as “employees” within the scope of the Workers’ Compensation Act. In Downey v. Bituminous Casualty Corp., 349 So.2d 1153 (Ala. 1977), our Supreme Court held that an inmate working for another state agency during his term of imprisonment was not an employee of that agency so as to entitle his survivors to death benefits under the Workers Compensation Act; in so holding, the Doumey court stated that for the Act to apply, “there must be a contract of hire, express or implied, or written,” and that “[t]he person rendering the services must be paid wages directly by the employer.” 349 So.2d at 1155. We followed Downey in Lanford v. City of Sheffield, 689 So.2d 176 (Ala.Civ.App.1997), which involved a city inmate who was injured while performing volunteer work for the city as a trusty in return for a “credit” against a fine he owed. Although we noted that the city inmate’s work was arguably voluntary, we held that the inmate was not entitled to benefits under the Workers’ Compensation Act, reasoning that “the statutory definitions of employment and employee for workers’ compensation purposes in this case remain the same as those referenced in Downey.” 689 So.2d at 179.
As Lanford notes, the requirements of a contract for hire and of payment of wages directly to one who is claimed to be an employee persist in the Act as currently in force. See § 25-5-1(4), Ala.Code 1975 (defining “employer” as “[ejvery person who employs another to perform a service for hire and pays wages directly to the person”), and § 25-5-1(5), Ala. Code 1975 (defining “employee or worker” .as “every person in the service of another under any contract of hire, express or implied, oral or written”). Under § 14-8-6, Ala.Code 1975, inmates who are involved in a work-release program are not directly paid by the persons or companies for whom they provide labor; rather, that section provides that those persons or companies “shall pay the inmate’s wages directly .to the Department of Corrections.” In contrast, § 25-5-86(2) applies only to claims for compensation, awards, and agreements to pay compensation under the Act that are “owned by an injured employee ” (emphasis added). In this case, neither the inmate nor any member of the class he purported to represent qualifies under the Act as an “employee”; therefore, the trial court did not err .in upholding the department’s withholding of moneys received as a consequence of injuries the inmate suffered while on work release..
Although the foregoing analysis resolves the inmate’s claim of error and warrants affirmance on the principle that a summary judgment will be affirmed for any reason apparent from the record, even one not stated by the trial court, Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala. 1988), we note that the trial court’s conclusions regarding the applicability of § 14-8-6 are also correct. That statute expressly permits the department to withhold from an inmate’s earnings an amount, not exceeding 40 percent of such earnings, that the department may deem appropriate and reasonable to offset the cost of an inmate’s confinement. Even if the payments made to the inmate as a consequence of his injury truly were benefits governed by the Workers’ Compensation Act, they still would constitute “earnings” of the inmate, i.e., payments made in lieu *842 of the wages that would have been paid with respect to the work the inmate would have performed. The very purpose of workers’ compensation laws is to provide a substitute for lost wages and earning capacity. See United States Steel Co. v. Baker, 266 Ala. 538, 547, 97 So.2d 899, 907 (1957).
We conclude that § 14-8-6 — a statute that specifically governs the disposition of earnings of state inmates on work release — controls over the provisions of § 25-5-86(2) — a statute that generally prohibits the garnishment, seizure, or sale of claims made, or benefits paid, under the Workers’ Compensation Act. See Baldwin County v. Jenkins, 494 So.2d 584, 588 (Ala.1986) (where two statutes relate to the same subject and embrace the same matter, “a specific or particular provision is controlling over a general provision”); see also State Treasurer v. Schuster, 456 Mich. 408, 572 N.W.2d 628 (1998) (holding that prison-cost-reimbursement statutes took precedence over laws generally preventing garnishment or attachment of public-school-employee pensions). Even if § 25-5-86(2) were controlling, however, the power of the department to withhold up to 40 percent of an inmate’s earning toward the cost of that inmate’s incarceration is not in the nature of a forbidden “seizure” or “garnishment.” Because § 14-8-6 conditions an inmate’s ultimate receipt of the earnings he or she accrues during work release upon the inmate’s release from prison, we cannot conclude that that statute authorizes any sort of judicial “seizure” or “garnishment” of anything to which the inmate is currently legally entitled.
The inmate also argues that the judgment is due to be reversed because, he says, “the [department] has failed to establish that the money was used only for the ‘cost incident to the inmate’s confinement.’ ” We note that the inmate has retained new counsel on appeal; the department and the commissioner correctly note that the inmate’s previous counsel did not argue in the trial court that the alleged failure of the department to specifically identify the use of the moneys withheld from the inmate constituted a basis for denying the motion to dismiss filed by the defendants. Rather, as we have noted, the inmate argued only that § 25-5-86(2) prevented the withholding of any portion of the moneys he received as a consequence of his injury. It is well settled that an appellate court can consider an argument against the validity of a summary judgment only to the extent that the record on appeal contains material from the trial court record presenting that argument to the trial court before or at the time of submission of the motion for a summary judgment. Ex parte Elba Gen. Hosp. & Nursing Home, Inc., 828 So.2d 308, 311-12 (Ala.2001).[3] We therefore do not reach the merits of this issue.
Based upon the foregoing facts and authorities, the trial court’s judgment in favor of the department and the commissioner is due to be affirmed.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
MURDOCK, J., dissents.

. No objection has been raised to the trial court's consideration of materials outside the pleadings or to its procedure in hearing the motion itself.

. That section provides, in pertinent part, that "[cjlaims for compensation, awards, judgments, or agreements to pay compensation owned by an injured employee or his or her dependent shall not be assignable and shall be exempt from seizure or sale or garnishment for the payment of any debt or liability.”

. The same principle regarding preservation of error applies to judgments of dismissal. See Birmingham Hockey Club, Inc. v. National Council on Compensation Ins., Inc., 827 So.2d 73 (Ala.2002).