MURDOCK, Judge,
dissenting.
I read § 25-5-86(2), Ala.Code 1975, to be plainly worded and straightforward. Compensation benefits payable under the *843 Workers’ Compensation Act “shall not be assignable and shall be exempt from seizure ... for the payment of any debt or liability.”
The Department of Corrections argues, however, that the payments at issue are not compensation benefits under the Workers’ Compensation Act. The majority relies primarily upon Lanford v. City of Sheffield, 689 So.2d 176 (Ala.Civ.App. 1997). I find that case distinguishable.
In Lanford, the claimant was serving a jail sentence for the commission of a misdemeanor in the City of Sheffield. In addition to his jail sentence, the claimant was fined for his offense. While working for the city as a “trusty” to satisfy his fine, the claimant was injured while carrying boxed breakfasts to other city prisoners. Specifically, the claimant was injured while working as a trusty pursuant to Ala.Code 1975, § 12-14-12:
“The judgment of the municipal court may provide that if a fine and costs are not paid within the time prescribed, the defendant shall work out the amount of the judgment under the direction of the municipal authority, allowing not less than $10.00 for each day’s service.”
As a result of his work as a trusty for the city, Lanford received a credit of $30 per day against his fine, as well as other benefits. Lanford was not paid wages by the city. Instead, when the amount of his work credit as a trusty equaled the amount of his fine, he was to be released. Lanford, 689 So.2d at 178.
Under those facts, this court concluded that the claimant “was not an employee of the City who was directly paid wages under a contract for hire.” Id. at 179. We then noted “that other jurisdictions have focused on whether there is a true employment relationship between prisoner and correctional facility to reach a similar conclusion. See, e.g., Porter v. Dept. of Corrections, 876 S.W.2d 646 (Mo.App.1994); Keeney v. Industrial Comm’n., 24 Ariz. App. 3, 535 P.2d 31 (1975).” Id. at 179 (emphasis added).
Unlike the claimant in Lanford, the worker in the present case was not working off a fine but instead received wages and was engaged in “a true employment relationship.” The worker clearly fell within the definition of “employee” and “worker” in Ala.Code 1975, § 25-5-1(5): “[Ejvery person in the service of another under any contract of, hire, express or implied, oral or written.”
It is true that § 25-5-1(4) defines an “employer” as a “person who employs another to perform a service for hire and pays wages directly to the person.” It is clear, however, that it was not the intent of the Legislature in enacting § 25-5-1(4) to require the courts to focus on the particular method by which a worker receives his or her payment — that is, where or to whom payments for the worker’s labor are forwarded. The issue, instead, is whether the putative employer is responsible for the employee’s wages and exercises control over the employee’s work. The Legislature intended to make it clear, for example, that when a business for which work is performed is contractually obligated only to an independent contractor for that work, and that independent contractor, in turn, is responsible for the details of the work, for the wages of the worker, and for how and when the worker performs his job, it is only the independent contractor who is considered the employer. Conversely, a “special employer” who exercises control over a worker provided by a “general employer” (e.g., a temporary-employment agency) and who makes payments correlated to the hours worked by that worker constitutes an “employer” for purposes of § 25-5-1(4) and the Workers’ Compensation Act, even though the em *844 ployee’s checks are issued by the general employer.
In Gaut v. Medrano, 630 So.2d 362 (Ala. 1993), the Alabama Supreme Court reiterated a
“three-pronged test for determining when an employee of a general employer can become the employee of a ‘special employer’ for purposes of workers’ compensation:
“ ‘ “When a general employer lends an employee to a special employer, the special employer becomes liable for workmens’ compensation [and thus immune from liability for tort actions brought by the special employee] only if
“ ' “(a) the employee has made a contract of hire, express or implied, with the special employer;
“ ‘ “(b) the work being done is essentially that of the special employer; and
“ ‘ “(c) the special employer has the right to control the details of the work.
“ ‘ “When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmens’ compensation.” ’
“[Terry v. Read Steel Prods.,] 430 So.2d [862] at 865 [ (Ala.1983) ] (quoting 1C A. Larson, The Law of Workmen’s Compensation, § 48 (1980)). The requirement of a contract of hire comports directly with our Workers’ Compensation Act, which defines an ‘employee’ as a ‘person in the service of another under any contract of hire, express or implied, oral or written.’ Ala.Code 1975, § 25-5-1(5).[4]
Gaut v. Medrano, 630 So.2d at 364 (emphasis added).
Consistent with the principles articulated in Gaut, it is clear that the worker in the present case was an employee covered under the Workers’ Compensation Act and that his employer was the outside entity for which he worked.
Even assuming, however, that the worker in this case was not an employee for purposes of our Workers’ Compensation Act, the Department of Corrections still would have had no authority to withhold the moneys at issue. Section 14-8-6, Ala. Code 1975, provides, in part:
“The employer of an inmate involved in work release shall pay the inmate’s wages directly to the Department of Corrections. The department may adopt regulations concerning the disbursement of any earnings of the inmates involved in the work release. The department is authorized to withhold from any inmates earnings the cost incident to the inmate’s confinement as the department shall deem appropriate and reasonable.”
I first note that the terms “wages” and “earnings” are used interchangeably in this statute and, taking the provisions of this statute in pari materia with one another, were intended to refer to the same thing.
Moreover, this statute does not authorize the Department of Corrections to with *845 hold anything other than the ivages or earnings of the inmate from his work-release employment. The compensation an inmate may receive when he is injured may be measured by the inmate’s loss of earning capacity, but they are not “earnings” or “wages.” Based on the plain language of § 14-8-6, see IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala.1992), I cannot conclude that the Department of Corrections is authorized by this statute to withhold the money at issue in this case.
Based on the foregoing, I respectfully dissent.

"4 Section 25-5-1(4) defines ‘employer’ as ‘Every person who employs another to peifonn a service for hire and pays wages directly to the person.' None of the cases has considered the significance for this definition of the fact that the employee’s wages were channeled through the general employer, and Gaut does not argue that Holnam [the special employer] was not his employer because it did not ‘pay[ ] wages directly to’ him. We think this definition is satisfied by arrangements, such as the one between Industrial [the general employer] and Holnam, where the employee's wages are directly correlated to the hours worked for the special employer and directly attributed to payments from the special to the general employer."