RAU FASTENER COMPANY *vs.* FRANK CARR.

JULY 23, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for review brought by an employer under the provisions of the workmen's compensation act, general laws 1938, chapter 300. Following a hearing in the superior court a decree was entered granting the prayer of the petition to terminate compensation payments. From the entry of that decree the respondent duly appealed to this court.

The facts are practically undisputed. It appears in evidence that on January 27, 1947 the respondent, a second class machinist, while working for and in the course of his employment by the petitioner, suffered serious injuries by accident to his head, face and chest when some shafting fell upon him. On February 6 the parties entered into a preliminary agreement, which was approved by the director of labor, wherein respondent's average weekly wages at the time of injury were fixed at $45.18. That sum included pay at 98 cents an hour for ordinary working hours and time and one half for overtime work. The respondent was duly paid compensation of $20 a week for total incapacity until he returned to work for the petitioner on April 14, as an apprentice toolmaker, an entirely different and much lighter line of work than his ordinary occupation of machinist. The regular pay as an apprentice toolmaker was 65 cents an hour but the petitioner saw fit to pay him 98 cents an hour for that work, that is, at the same rate per hour, excluding overtime, that he received as a machinist prior to the accident. As the plant had resumed operating on a regular 40-hour week basis in April, his wages for working that number of hours then amounted to $39.20 a week.

286

The respondent testified he was unable to work as a machinist because of headaches, inability to move about or bend freely, nervousness and dizziness. He further testified that at the time of the hearing he was being treated for such condition by Dr. Edward A. McLaughlin. A certificate from the doctor, which was admitted in evidence by agreement, states that respondent's condition was causally connected with the accident and that it was impossible to say how long such condition would continue. No medical evidence was introduced by the petitioner.

The findings of fact by the trial justice are duly set forth in the decree and, as they are supported by legal evidence, they are conclusive on us by force of the act in the absence of fraud. But his conclusion therefrom reveals a clear error of law in that he misconceived the provisions of the act with reference to compensation for partial incapacity. Having found that the respondent was receiving pay at the same hourly rate both before and after the accident, and that he was working for the entire time the plant was then operating each week, the trial justice concluded that his loss in wages, amounting to $5.98 a week, was due solely to business conditions and not to loss of earning capacity. He therefore granted the prayer of the petition to discontinue all further compensation payments notwithstanding his express finding that the respondent had not "fully recovered from the effects of his injuries" and that he then had "a partial incapacity for work."

The petitioner argues this case as if the trial justice had found, which he clearly did not do, that in April the respondent was able to pursue his regular occupation of machinist and that he could then work for as many hours at that trade as he did before the accident. If there had been legal evidence to that effect and the trial justice had so found a very different question from the one now before us would have been presented to this court.

The evidence in this case is undisputed that because of his injuries following the accident the respondent was unable

to work at his regular trade of machinist irrespective of the number of hours the plant was being operated under changing business conditions. The trial justice here did not find that the respondent was able to work to the same extent as before his injury and that he could do overtime work if it were available. His finding that the respondent had "a partial incapacity for work" implicitly included the further finding that he was partially incapacitated from working as a machinist. It is true that the petitioner, by making an exception in his case, was paying him at the hourly rate of a machinist while he was employed at the lighter work of toolmaker, yet such action was not necessarily inconsistent with his claim that he continued to be partially incapacitated to pursue his regular occupation to the same extent as before the injury.

The trial justice erred as a matter of law when he decided that there was no change in respondent's average weekly wages. Article II, §13, prescribes the formula for ascertaining the average weekly wages of an injured employee and when so ascertained, unless thereafter changed according to law because of fraud or error in computation, such wages will be the standard by which to determine all future questions in the case concerning the amount of compensation for the extent of incapacity that may thereafter be established by legal evidence. Furthermore, in our recent decision in *Shortall* v. *Brown & Sharpe Mfg. Co.*, 74 R. I. 237, we held that under §13 pay for overtime work was properly included in ascertaining the average weekly wages of an injured employee.

A preliminary agreement approved by the director of labor which has not been appealed in accordance with the act has the force of a decree. In the instant case respondent's average weekly wages, including pay for overtime work, were fixed at $45.18 in such an agreement, which sum, being unquestioned by either party on any ground, became and remained the basis for ascertaining the amount of his compensation for partial incapacity, if any were

found. Since the trial justice did find that the respondent was partially incapacitated as the result of a compensable injury, he was entitled to partial compensation in accordance with the provisions of the act, art. II, §11, as amended by P. L. 1942, chap. 1246. On the record before us such compensation amounts to $3.59 a week and the decree of the superior court under review should have so provided. The trial justice was clearly wrong in terminating the liability of the petitioner to pay any compensation to the respondent in the circumstances of this case.

Respondent also contends that the trial justice erred in failing to order the petitioner to pay the reasonable medical expenses incurred by him during the period of partial incapacity. This contention is without merit as that question was not raised at the hearing in the superior court. However, the respondent is not precluded by this opinion from claiming those expenses in appropriate proceedings under the act. See *Garabedian* v. *Gorham Mfg. Co.*, 63 R. I. 452, 458.

The respondent's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for the entry of a decree in accordance with this opinion.

*Haslam, Arnold & Sumpter, Charles H. Anderson,* for petitioner.

*William E. Walsh, Thomas F. Keefe,* for respondent.