**John E. McKENNA**

v.

**TURNQUIST LUMBER CO., INC.**

**No. 83–584–Appeal.**

Supreme Court of Rhode Island.

July 7, 1986.

Raul L. Lovett, Catherine A. Gibran, Lovett, Schefrin & Gallogly, Inc., Providence, for petitioner.

Mark McKenney, Harold E. Adams, Jr., Higgins, Cavanagh & Cooney, Providence, for respondent.

## OPINION

SHEA, Justice.

In this case John E. McKenna (employee) appeals from the Workers' Compensation Commission decree that awarded him total then partial disability benefits after a work-related compensable injury. The commission terminated the partial-disability benefits after the employee was discharged from further treatment by the surgeon who had operated on his back. Because he was forced to perform lighter work for

lower wages after his return to work, the employee maintained that he was entitled to continuing partial-disability benefits under G.L. 1956 (1979 Reenactment) § 28–33–18. We agree.

The facts are not in dispute. On April 28, 1981, employee filed an original petition for total-disability benefits as a result of an injury to his back suffered on December 29, 1980. There was no question that the injury occurred in the course of his employment as a sawyer at Turnquist Lumber Company (employer). Although divorced, he claimed —and the commission awarded —dependency benefits for four young children.

The injury occurred while employee was lifting a heavy cast-iron grinder. By January 28, 1981, the pain was so severe that employee sought medical attention. The family physician referred him to a neurosurgeon who performed surgery on two occasions to correct two different herniated discs. The surgery took place on February 8 and May 11, 1981. On the evidence presented, the commission awarded total-disability benefits until the end of September 1981 and partial benefits from that date until the end of November 1981. An examination by the neurosurgeon on September 29, 1981, revealed that employee "had very little evidence of his previous disc herniation but was still having a weak back, and he should be able to do light work, part time at first."

On November 25, 1981, the neurosurgeon discharged employee from further treatment following an examination. At that time employee still had "a weak back from his previous disc herniation but he had no neurological deficit." The doctor testified that employee would have to be treated conservatively, that he had a chronically weak back, and that he should not be doing any heavy lifting.

The employee testified that when he returned to work, he was doing a different job that was lighter and paid $280 per week, which was less than he had been making before the injury. Other evidence corroborated this fact. The trial commissioner found that employee was believable and "in no way did [he] discern that he [was] the type of individual who had an afterthought or was attempting to press upon his employer something other than a truly work-related injury."

Although the commissioner noted that employee was earning less after his return to work than his average weekly wage at the time of the injury, he terminated payments for partial disability as of the date of the neurosurgeon's discharge examination, November 25, 1981. The appellate commission affirmed the trial commissioner.

The employee's average weekly wage at the time of the injury based on the thirteen calendar weeks preceding the injury was properly found by the Workers' Compensation Commission to be $292.71, in accordance with the provisions of § 28–33–20 as it read at the time of employee's injury. It is uncontroverted that after his return to a lighter job employee's weekly wage was $280.

The commission in its opinion assumed without any evidence in the record to support it that the difference in earnings probably resulted from overtime that employee had worked prior to his injury. Even if that were true, there is nothing in the law that would justify the exclusion of overtime from the calculations of an injured worker's weekly wage. On the contrary, § 28–33–18 of the Workers' Compensation Act specifically refers to "weekly wages, *earnings* or salary," and § 28–33–20 of the act specifies that the calculation for partial-injury benefits is to be based upon the "gross wages earned by the injured worker * * * during the thirteen (13) calendar weeks immediately preceding the week in which he was injured[.]" (Emphasis added.) This court said long ago that "pay for overtime work [is] properly included in ascertaining the average weekly wages of an injured employee." *Rau Fastener Co.*

v. *Carr*, 74 R.I. 284, 287, 60 A.2d 499, 501 (1948).

There is no question that in this case the two back operations were directly related to the incident at work on December 29, 1980; that these operations left employee with a weak back; and that they necessitated he be restricted to performing light work without heavy lifting. There is also no question that employee, as a result, had to return to lighter work than he had been capable of doing before the injury and that he was earning less money than he had earned previously.

■ We recently had occasion to reiterate the rule that on appeal from the Workers' Compensation Commission this court is bound by the commission's findings of fact when they are supported by competent legal evidence and untainted by fraud. *Martin v. Rhode Island Public Transit Authority*, 506 A.2d 1365 (R.I. 1986). "[The court will] review a finding of the commission only when a question of law or a mixed question of fact and law is an issue. * * * A question of law exists when the facts as found by the commission and supported by competent legal evidence lead only to one permissible conclusion." *Id.* at 1368. *See also, Spikes v. State*, 458 A.2d 672 (R.I.1983); *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 399 A.2d 1229 (1979). The facts presented here lead to only one permissible conclusion, that the petitioner's remaining disability has partially impaired his earning capacity; thus he is entitled to compensation for partial incapacity.

For these reasons, the employee's appeal is sustained, the decree appealed from is vacated, and this case is remanded to the Workers' Compensation Commission with directions for entry of a new decree embodying all of the findings and orders of the decree appealed from and adding an order for the award of compensation for partial disability consistent with this opinion.