**Joseph M. SILVA**

v.

**STANLEY–BOSTITCH.**

**No. 94–107–M.P.**

Supreme Court of Rhode Island.

Oct. 20, 1994.

Robert Smith Thurston, Providence.

Thomas Bender, Michael Wallor, Providence.

## ORDER

This case came before a panel of the Supreme Court for oral argument pursuant to an order that granted the plaintiff Joseph M. Silva's petition for certiorari and directed the parties to show cause why the issues raised in the petition should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing the arguments of counsel for the parties, we are of the opinion that cause has not been shown.

The single issue before us is the statutory construction of G.L.1956 (1986 Reenactment) § 28–33–20(A) as amended by P.L.1992, ch. 31, § 5 of the Workers' Compensation Act, and specifically, the computation of benefits for an injured worker who, as plaintiff alleges he had been, was required to work more than forty hours per week. The plaintiff contends that his regularly worked overtime should be included in calculating his pre-injury average weekly wage under § 28–33–20 because plaintiff was required to work overtime. The Workers' Compensation Court and the Appellate Division on appeal determined that the statute made no distinction between mandatory and voluntary overtime, but, rather, excluded *all* overtime from the calculation of average weekly wage.

We concur with defendant Stanley–Bostitch's contention that the statute is clear in excluding all overtime:

"**28–33–20. Computation of earnings.**—for the purposes of this chapter, the average weekly wage shall be ascertained as follows:

"(A) For full time or regular employees, by dividing the gross wages, *exclusive of overtime pay,* provided, however, that bonuses shall be averaged over the length of employment, but not in excess of the preceding fifty-two (52) week period, earned by the injured worker in employment by the employer in whose service he or she is injured during the thirteen (13) calendar weeks immediately preceding the week in which he or she was injured, by the number of calendar weeks during which, or any portion of which, the worker was actually employed by that employer * * *" (Emphasis added.)

As the trial judge correctly noted, prior to the 1992 amendment to § 28–33–20, this court had ruled that pay for overtime work was properly included in ascertaining the average weekly wages of an injured employee. *McKenna v. Turnquist Lumber Co., Inc.,* 511 A.2d 298 (R.I.1986). The 1992 amendment, however, specifically excludes from the calculation of an injured employee's average weekly wages "overtime pay," without distinguishing between mandatory as opposed to voluntary overtime pay.

Consequently, we deny the petition for certiorari and quash the writ heretofore issued. We affirm the judgment of the Appellate Division and remand the case to the Workers' Compensation Court Appellate Division with our decision endorsed thereon.

MURRAY, J., did not participate.